In re Petition of Consumers Public Power District.
Norris Public Power District, a public corporation,
et al., Appellants, v. State of Nebraska ex rel. Dan S.
Jones, Jr., Director of the Department of Water
Resources of the State of Nebraska, et al., Appellees.

161 N. W. 2d 869

Filed October 18, 1968. No. 36897.

Crosby, Pansing, Guenzel & Binning and Lawrence
L. Reger, for appellants.

Wilson, Barlow & Watson, for appellee Consumers P.
P. Dist.

Heard before White, C. J., Carter, Spencer, Boslaugh,
Smith, McCown, and Newton, JJ.

Carter, J.

On May 9, 1967, Consumers Public Power District filed
its petition with the Department of Water Resources of
the State of Nebraska requesting that the petition. cre-
ating Consumers be amended by increasing its chartered
territory in accordance with a resolution of its board of

directors. On June 14, 1967, objections to the approval of the petition were filed by Norris Public Power District and Phil E. Buel. On June 15, 1967, a hearing was held on the petition before the Director of the Department of Water Resources. Norris, Buel, Platte Valley Public Power and Irrigation District, and the Nebraska Electric Generation and Transmission Co-op, Inc., appeared at the hearing as objectors. The proponent, Consumers, submitted evidence in support of its petition and an objector, Norris, submitted evidence in opposition to the approval of the proposed amendment to Consumers' chartered territory. The director subsequently entered his order approving the proposed amendment. Without dispute the time for appeal began to run on June 29, 1967.

On July 26, 1967, Norris and Buel filed their petition on appeal in the district court for Lancaster County. Plaintiffs on appeal named the following defendants: State of Nebraska ex rel. Dan S. Jones, Jr., Director of the Department of Water Resources of the State of Nebraska; Department of Water Resources of the State of Nebraska; Consumers Public Power District; and 26 other public power districts which are specifically named. No contention is made that all parties defendant are not necessary parties to the appeal.

The statutory provisions for the review of an order of the Department of Water Resources provides as follows: "Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency. All parties of record shall be made parties to the proceedings for review. Summons shall be served as in other actions except that a copy of the petition shall be served upon any such agency together with the summons. The court, in its discretion, may permit other interested persons to intervene." § 84-917 (2), R. R. S. 1943. The primary question before the court is whether or not the district court

obtained jurisdiction of the appeal under the foregoing statute.

Service of summons was properly had on State of Nebraska ex rel. Dan S. Jones, Jr., Director of the Department of Water Resources, and the Department of Water Resources, and there is no issue regarding service of process as to them.

A praecipe for service of summons on Consumers was filed by plaintiff Norris on July 28, 1967. Summons was issued for Consumers on July 28, 1967. The summons was served on Consumers on July 31, 1967. It is plain that this summons was issued within the 30-day period in which the appeal could be perfected and actually served after such 30-day period. Such service was made within the 30-day period under the rule that a summons is served when it is issued within the prescribed time and subsequently delivered by the serving officer. Ballard v. Thompson, 40 Neb. 529, 58 N. W. 1133; Gorgen v. County of Nemaha, 174 Neb. 588, 118 N. W. 2d 758.

Summonses were issued for the remaining 26 public power districts on August 1, 1967, and served between the dates of August 4, 1967, and August 17, 1967. Such summonses were neither issued nor served within 30 days after the time for appeal commenced. It is the contention of plaintiffs on appeal that such service of summons is not required within the 30-day appeal period under the quoted appeal provision of subsection (2), section 84-917, R. R. S. 1943.

The case does not involve a situation where a defendant was not served because not found within the jurisdiction or unable to be served for any other reason. The defendants not served within 30 days from the effective date of the final disposition of the application were all public corporations with a permanent residence within the jurisdiction of the Department of Water Resources and subject to the service of summons at all times. No reason exists why summonses could not have issued within 30 days and subsequently been served.

The only issue is whether or not the controlling statute required the issuance of such summonses within the 30-day appeal period.

The subsection of the statute by its first sentence states that proceedings for review shall be instituted by filing a petition in the district court after service of the final decision of the agency. The second sentence provides that all parties of record shall be made parties to the proceedings for review. In other words, the clear meaning is that the parties appealing are not only required to file a petition in the district court, but they must file a petition making all parties of record parties to the appeal proceeding. But the statute requires more to lodge jurisdiction of the appeal in the district court. It requires that summons issue as in other cases. This simply means that a summons must be served which will be valid under the general rules of law governing the validity of a summons and its service. All these requirements must be met to invoke the jurisdiction of the district court on an appeal from an adverse decision of an administrative agency. The last sentence of the subsection makes it clear that the requirements for invoking the jurisdiction of the district court do not prevent the district court from permitting other interested parties to intervene in the proceedings on appeal. In summary, the statute requires the filing of a petition, with all parties of record made parties, and the service of summons on such parties, all within 30 days from the service of the final decision of the agency, after which the district court gains jurisdiction of the appeal.

The plaintiffs contend that the words, "Proceedings for review shall be instituted by filing a petition in the district court," mean that the jurisdiction of the district court is complete with the filing of the petition. With this we cannot agree. It is true that in common usage the words "shall be instituted" mean "to commence" or "to begin." But it has a literal meaning of broader import that is applicable here. Its authoritative mean-

ing is "to inaugurate or originate a design, plan, or purpose." (Quotation marks ours.) See Webster's Third New International Dictionary. We think that the words "shall be instituted by filing a petition" is used in the sense that it originates a procedure that is further spelled out in the language which follows it in the same paragraph of the statute.

In dealing with a more extreme case than we have before us, the court in Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S. W. 152, 13 A. L. R. 524, said: "It is argued that since the act provides that the appeal for review of the award may be taken within twenty days after the rendition of the final order, by petition, and in a subsequent paragraph of the same section adds: 'Summons shall issue upon the petition, etc.,' the filing of the petition is in effect the commencement of the action by appeal in the circuit court. We conceive the section, when read as a whole, to mean that the petition must not only be filed within the twenty days after the final order of the board, but summons must be issued thereon within that time, otherwise the very purpose of the act would be defeated by the delays which the appellant could work by failing to cause a summons to issue."

We think, further, that it was the intention of the Legislature that a suit in which all parties of record are parties be commenced within 30 days from date of the service of the final decision of the Department of Water Resources on the aggrieved party in order to secure a review. The filing without the issuance of a summons is not the commencement of an action. § 25-217, R. R. S. 1943. We necessarily conclude that it was the intention of the legislative act to require within 30 days the filing of a petition with all parties of record made parties to the suit and the issuance of summons subsequently served to confer jurisdiction on the district court. The trial court properly dismissed the

action which makes it unnecessary for us to consider other assignments of error.

The judgment of the district court is affirmed.

AFFIRMED.