536 N.W.2d 344 (1995)
248 Neb. 501
Darren M. GLASS, Appellee,
v.
NEBRASKA DEPARTMENT OF MOTOR VEHICLES, Appellant.
No. S-93-542.
Supreme Court of Nebraska.
August 25, 1995.
*345 Don Stenberg, Atty. Gen., and Lauren L. Hill, Lincoln, for appellant.
Arthur S. Wetzel, Grand Island, for appellee.
WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and GRANT, J., Retired.
PER CURIAM.
The appellee, Darren M. Glass, was arrested for driving a motor vehicle while under the influence of alcohol. Through an administrative hearing, the Nebraska Department of Motor Vehicles revoked Glass' license for 90 days.
Glass then sought review by the district court, which reversed the department's order and directed that Glass' driving privileges be restored. The department thereupon appealed to the Nebraska Court of Appeals. On our own motion, we removed the case to this court in order to regulate the caseloads of the two appellate courts.
The department assigns and argues but a single claim of error, the district court's determination that "it had subject matter jurisdiction over" the proceeding. (Emphasis supplied.) Thus, the merits of the district court's decision are not before us.
The record shows that after the department suspended Glass' license, he filed a "Petition for Review of Administrative Agency's Decision" in the district court, naming as defendant "Nebraska Department of Motor Vehicles, Administrative License Revocation Hearing Agency/Respondent." The summons *346 on this district court petition was served only on the director of the department.
The department filed a special appearance, contending that the district court lacked "personal jurisdiction" over the agency because Glass failed to serve a copy of the summons on the Attorney General. (Emphasis supplied.) Glass successfully moved to strike the special appearance on the ground that it was not timely filed, whereupon the department unsuccessfully moved to dismiss the petition "on the same grounds alleged in the Special Appearance."
At the relevant time, Neb.Rev.Stat. § 39-669.18 (Reissue 1988) provided, as Neb.Rev. Stat. § 60-6,208 (Reissue 1993) now provides, that one aggrieved by the department's revocation may "appeal ... in accordance with the Administrative Procedure Act." The Administrative Procedure Act, Neb.Rev.Stat. §§ 84-901 through 84-920 (Reissue 1994), grants persons aggrieved by certain nonjudicial determinations the right to obtain judicial review of those decisions. §§ 84-901 and 84-917. It further provides that such a
review shall be instituted by filing a petition in the district court.... All parties of record shall be made parties to the proceedings for review. If an agency's only role in a contested case is to act as a neutral factfinding body, the agency shall not be a party of record. In all other cases, the agency shall be a party of record. Summons shall be served within thirty days of the filing of the petition in the manner provided for service of a summons in a civil action.
§ 84-917(2)(a).
Neb.Rev.Stat. § 25-510.02 (Reissue 1989) states that the "State of Nebraska [and] any state agency ... may be served by leaving the summons at the office of the Attorney General" in a specified variety of ways. Thus, when § 25-510.02 applies, as by its terms it does here, in order to institute judicial review under the act, a summons must be served on the Attorney General. Twiss v. Trautwein, 247 Neb. 535, 529 N.W.2d 24 (1995).
Although, as noted earlier, in the court below the department thought it was dealing with an issue of personal jurisdiction, it now urges that because the Attorney General was not served with summons as required by § 84-917(2)(a), the district court lacked jurisdiction over the subject matter of Glass' district court petition.
The two types of jurisdiction are far different. Personal jurisdiction is the power of a tribunal to subject and bind a particular entity to its decisions. See Stone's Farm Supply, Inc. v. Deacon, 805 P.2d 1109 (Colo.1991). Subject matter jurisdiction, on the other hand, is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. See In re Interest of J.T.B. and H.J.T., 245 Neb. 624, 514 N.W.2d 635 (1994). While the lack of subject matter jurisdiction cannot be waived nor the existence of subject matter jurisdiction conferred by the consent or conduct of the parties, Scherbak v. Kissler, 245 Neb. 10, 510 N.W.2d 318 (1994), lack of personal jurisdiction may be waived and such jurisdiction conferred by the conduct of the party, see Egan v. Bunner, 155 Neb. 611, 52 N.W.2d 820 (1952).
In taking its present position, the department relies on two of our prior decisions: McCorison v. City of Lincoln, 218 Neb. 827, 359 N.W.2d 775 (1984), and Norris P.P. Dist. v. State ex rel. Jones, 183 Neb. 489, 161 N.W.2d 869 (1968). In McCorison, we ruled that where the aggrieved party failed to file a so-called notice of appeal from the decision of a city board within the time set by the relevant statute, the district court acquired no jurisdiction to entertain the matter. In so ruling, we wrote that if "statutory requirements are not met, the district court acquires no jurisdiction and may not enter any order other than an order of dismissal." Id. at 828-29, 359 N.W.2d at 776. Although we did not therein specify the type of jurisdiction involved, it is clear that we were not dealing with personal jurisdiction, for without the timely filing of the so-called notice of appeal, the district court did not acquire the power to hear and determine the board's decision.
*347 In Norris P.P. Dist., without specifying the type of jurisdiction involved, we held that the district court lacked jurisdiction because of the failure to serve a summons within 30 days as required. However, it must be remembered that this holding was made under a statute providing that "without the issuance of a summons" there was no "commencement of an action." Id. at 493, 161 N.W.2d at 872. Thus, for the same reason that without a timely filing of the document invoking judicial review there could be no jurisdiction in McCorison to consider the matter, neither without the service of summons in Norris P.P. Dist. did the district court acquire power to consider the matter. In each case, the situation was as if nothing had been filed in the district court.
Although this case was not cited by either party, we also declared in Nebraska Dept. of Correctional Servs. v. Carroll, 222 Neb. 307, 383 N.W.2d 740 (1986), that to acquire jurisdiction over the subject matter of the action, there must be strict compliance with the requirements of the statute granting the right of appeal. Carroll arose upon the application to the district court to recover attorney fees for services rendered the claimant in proceedings held before state agencies. Because under the circumstances the district court could not reach the substantive issues considered by the agencies and the relevant statute permitted the district court to award only those fees incurred in determining issues the district court could reach, we determined that the district court had no power to hear and determine the matter of fees for services before the agencies. The question in Carroll thus was clearly one of subject matter jurisdiction.
Additionally, in another case not noted by the parties, we, in the context of reviewing the appropriateness of a sanction for the failure to timely prepare a transcript, wrote that the "filing of the petition and the service of summons are the two actions that are necessary to establish jurisdiction pursuant to the" act. James v. Harvey, 246 Neb. 329, 332, 518 N.W.2d 150, 152 (1994). However, the Harvey dictum did not distinguish between the steps required for obtaining subject matter jurisdiction under the act and those required for obtaining personal jurisdiction.
The key to understanding the distinction between personal jurisdiction and subject matter jurisdiction in this case is to first recognize the nature of the proceeding before us. While § 39-669.18 inartfully referred to an "appeal" from the department's decision, the act makes clear that we are dealing not with an appeal, in the technical sense, but with the initiation of a proceeding to obtain judicial-branch review of the decision of another branch of government. §§ 84-901 and 84-917. In contrast, § 39-669.18 and the act grant the district court the original power and authority to determine whether the department's decision should stand. Thus, we are not dealing with "appellate jurisdiction," which in the strict sense is the power and authority conferred upon a superior court to reexamine and redetermine causes tried in inferior courts. See Waters-Pierce Oil Co. v. State of Texas, 107 Tex. 1, 106 S.W. 326 (1907). Rather, we are dealing with the institution of a suit to obtain judicial-branch review of a nonjudicial-branch decision; such a proceeding does not constitute an appeal. See, Warren v. Indiana Telephone Co., 217 Ind. 93, 26 N.E.2d 399 (1940) (strictly speaking, there is no such thing as "appeal" from administrative agency, but to meet requirements of "due process of law," there must be "judicial review" of orders of administrative body, for purpose of adjudication that agency has acted within scope of its powers, that substantial evidence supports factual conclusions, and that determination comports with law applicable to facts found); Commercial Standard Insurance Company v. Cotton, 443 S.W.2d 423 (Tex.Civ.App.1969) (suit to set aside award of board is "suit" and not "appeal," and when suit is filed, subject matter is withdrawn from board); Broughton's Est. v. Central Or. Irr. Dist., 165 Or. 435, 108 P.2d 276 (1940) (under statute providing that any person aggrieved by order of state engineer in connection with water rights shall have right to appeal to circuit court, "appeal" contemplated by statute is to be regarded as original proceeding in circuit court); DeFlumeri v. Sunderland, 109 Conn. 583, 145 A. 48 (1929); Norwalk Street Ry. Co.'s Appeal, 69 Conn. 576, 37 A. 1080 (1897); *348 Plummer v. Johnson, 61 N.M. 423, 301 P.2d 529 (1956).
As a consequence, we are here concerned not with whether Glass properly perfected an appeal from the department and thereby invoked the district court's appellate jurisdiction over the subject matter, but with whether the district court, either through the proper service of summons or through some other means, obtained jurisdiction over the "person" of the department.
The answer to the question before us is foreshadowed by a case not cited by either party: Pointer v. State, 219 Neb. 315, 363 N.W.2d 164 (1985). Therein, the plaintiff had filed a claim for damages resulting from an automobile accident with the State Claims Board, as required by the State Tort Claims Act. Upon the board's denial of the claim, the plaintiff filed a petition for judicial review in the district court and caused summons to be served on the State by delivery to the Secretary of State. However, the relevant statute required service to be made on the Attorney General. After making several other general appearances in the district court, the Attorney General, by filing a motion to dismiss, claimed lack of jurisdiction because of the improper service of summons. In reversing the district court's order of dismissal, we, overruling precedent, held that in those instances where the Legislature has waived the State's sovereign immunity as to a particular cause of action and has designated a person or official as the agent of the State upon whom summons may be served, that person or official validly may enter a voluntary appearance for the State, thereby waiving the issue of in personam jurisdiction.
Just as is the situation here, the district court in Pointer had been asked to judicially review a nonjudicial branch decision; just as is the situation here, the Pointer summons giving notice of that action was not properly served; and just as is the situation here, the improperly noticed party in Pointer sought affirmative relief from the district court by asking for a dismissal of the proceeding for judicial review. Consequently, Pointer dictates that we hold here that the department submitted its person to the jurisdiction of the district court, and we hereby do so.
This ruling comports with the long-settled law that one who invokes the power of the court on an issue other than the court's jurisdiction over one's person makes a general appearance so as to confer on the court personal jurisdiction over that person. Eliason v. Devaney, 228 Neb. 331, 422 N.W.2d 356 (1988); Cropsey v. Wiggenhorn, 3 Neb. 108 (1873). That is to say, a party who does more than call a court's attention to the lack of personal jurisdiction by asking for affirmative relief will not later be heard to claim that the court lacked jurisdiction over that party.
Thus, irrespective of whether the district court here lacked personal jurisdiction over the department when overruling the department's special appearance, the department submitted itself to the personal jurisdiction of the court when it elected to move for a dismissal rather than to stand on and appeal the district court's ruling on the special appearance. See Neb.Rev.Stat. § 25-516.01 (Reissue 1989). In so writing, we are not unmindful that pretrial motions to dismiss are not properly a part of our pleading practice, State ex rel. Grape v. Zach, 247 Neb. 29, 524 N.W.2d 788 (1994); however, the relevant fact is that regardless of whether it did so properly, by moving for a dismissal the department invoked the power of the court on an issue other than personal jurisdiction and thereby made a voluntary appearance with the result that it submitted itself to the binding effect of the district court's judgment, Pointer, supra; Eliason, supra (motion to dismiss invokes power of court on issue other than jurisdiction and constitutes general appearance); § 25-516.01.
For the foregoing reasons, the judgment of the district court must be, and hereby is, affirmed.
AFFIRMED.
CONNOLLY, J., not participating.
*349 WRIGHT, Justice, dissenting.
I respectfully dissent from the majority's opinion and would reinstate the revocation issued by the Nebraska Department of Motor Vehicles. In my opinion, the department has correctly asserted that because the Attorney General was not served with summons, as required by Neb.Rev.Stat. § 84-917(2)(a) (Reissue 1994), the district court lacked jurisdiction over the subject matter of Glass' petition for review.
In the present case, Glass' petition for review was filed on March 9, 1993. No summons was served on the Attorney General. On March 10, summons was served by mail on the head of the department. On April 27, the department filed a special appearance, alleging that the district court lacked jurisdiction because the Attorney General had not been served with summons and that Glass had failed to comply with Neb.Rev.Stat. § 25-510.02(1) (Reissue 1989). The district court denied the special appearance "for the reason that it was not timely filed." The department then filed a motion to dismiss on the same grounds alleged in the special appearance, which motion was overruled. The district court then ordered the department to reinstate Glass' driving privileges effective immediately.
Although the department initially filed a special appearance because the Attorney General was not served and now argues that the district court lacked subject matter jurisdiction, it is not only within the power, but is the duty, of an appellate court to determine whether such appellate court has jurisdiction over the subject matter. See Jones v. State, 248 Neb. 158, 532 N.W.2d 636 (1995). Subject matter jurisdiction cannot be created by waiver, estoppel, consent, or conduct of the parties. See Scherbak v. Kissler, 245 Neb. 10, 510 N.W.2d 318 (1994).
Regardless of whether Glass' action is an appeal or a petition for judicial review under the Administrative Procedure Act, the requirements for instituting the review are set forth in § 84-917(2)(a):
Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency.... Summons shall be served within thirty days of the filing of the petition in the manner provided for service of a summons in a civil action.
"The filing of the petition and the service of summons are the two actions that are necessary to establish jurisdiction pursuant to the Administrative Procedure Act, Neb.Rev.Stat. §§ 84-901 to 84-920 [ (Reissue 1994) ]." James v. Harvey, 246 Neb. 329, 332, 518 N.W.2d 150, 152 (1994). Both of those actions must be completed before the district court has authority to hear the petition for judicial review, and if those actions are not timely accomplished, the court is not given authority to conduct judicial review.
I disagree with the majority that the requirement of serving summons within 30 days of the filing of the petition is a matter involving personal jurisdiction, which may be waived or may be conferred upon the court by the conduct of a party. Glass' failure to properly serve the Attorney General within 30 days of the filing of the petition was fatal to his right to seek judicial review under the Administrative Procedure Act.
In my opinion, Norris P.P. Dist. v. State ex rel. Jones, 183 Neb. 489, 161 N.W.2d 869 (1968), controls. In that case, we held that the district court lacked jurisdiction because of the failure to serve summonses within 30 days as required. At that time, § 84-917(2) (Reissue 1966) provided:
"Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency. All parties of record shall be made parties to the proceedings for review. Summons shall be served as in other actions except that a copy of the petition shall be served upon any such agency together with the summons. The court, in its discretion, may permit other interested persons to intervene."
Norris P.P. Dist., 183 Neb. at 490, 161 N.W.2d at 870.
In that case, the administrative agency's order was entered on June 29, 1967. On *350 July 26, Norris Public Power District (Norris) filed its petition on appeal in the district court. A praecipe for service of summons on Consumers Public Power District was filed by Norris on July 28, and summons was issued. Summonses for the remaining 26 public power districts were neither issued nor served within 30 days after the time for appeal commenced.
The primary question before this court in Norris P.P. Dist. was whether the district court obtained jurisdiction of the appeal under § 84-917(2). "The only issue is whether or not the controlling statute required the issuance of such summonses within the 30-day appeal period." Norris P.P. Dist., 183 Neb. at 492, 161 N.W.2d at 871. We held:
The subsection of the statute by its first sentence states that proceedings for review shall be instituted by filing a petition in the district court after service of the final decision of the agency. The second sentence provides that all parties of record shall be made parties to the proceedings for review. In other words, the clear meaning is that the parties appealing are not only required to file a petition in the district court, but they must file a petition making all parties of record parties to the appeal proceeding. But the statute requires more to lodge jurisdiction of the appeal in the district court. It requires that summons issue as in other cases. This simply means that a summons must be served which will be valid under the general rules of law governing the validity of a summons and its service. All these requirements must be met to invoke the jurisdiction of the district court on an appeal from an adverse decision of an administrative agency. The last sentence of the subsection makes it clear that the requirements for invoking the jurisdiction of the district court do not prevent the district court from permitting other interested parties to intervene in the proceedings on appeal. In summary, the statute requires the filing of a petition, with all parties of record made parties, and the service of summons on such parties, all within 30 days from the service of the final decision of the agency, after which the district court gains jurisdiction of the appeal.

The plaintiffs contend that the words, "Proceedings for review shall be instituted by filing a petition in the district court," mean that the jurisdiction of the district court is complete with the filing of the petition. With this we cannot agree. It is true that in common usage the words "shall be instituted" mean "to commence" or "to begin." But it has a literal meaning of broader import that is applicable here. Its authoritative meaning is "to inaugurate or originate a design, plan, or purpose." ... See Webster's Third New International Dictionary. We think that the words "shall be instituted by filing a petition" is [sic] used in the sense that it originates a procedure that is further spelled out in the language which follows it in the same paragraph of the statute.
....
We think, further, that it was the intention of the Legislature that a suit in which all parties of record are parties be commenced within 30 days from date of the service of the final decision of the Department of Water Resources on the aggrieved party in order to secure a review. The filing without the issuance of a summons is not the commencement of an action. § 25-217, R.R.S. We necessarily conclude that it was the intention of the legislative act to require within 30 days the filing of a petition with all parties of record made parties to the suit and the issuance of summons subsequently served to confer jurisdiction on the district court. (Emphasis supplied.) Norris P.P. Dist., 183 Neb. at 492-93, 161 N.W.2d at 871-72.
At the time of Norris P.P. Dist., § 84-917(2) did not contain the requirement that summons be issued within 30 days of the filing of the petition. Now, the Legislature has made it mandatory that summons be issued within 30 days of the filing of the petition.
The department moved to dismiss on the grounds that it had not been properly served with process. After the 30 days elapsed and summons was not issued, the department could properly move to dismiss the case. The district court had no jurisdiction in this *351 case, and I would reinstate the revocation issued by the department.
GRANT, J., Retired, joins in this dissent.
GRANT, Justice, Retired, dissenting.
I respectfully dissent. First, I do not think the distinction made by the majority between an "appeal" and a "petition for review" is correct or necessary to a proper disposition of this cause. Without specifically discussing each case cited by the majority concerning the different ways in which other states (under different statutes) treat attempted reviews of administrative orders by courts, I note that Commercial Standard Insurance Company v. Cotton, 443 S.W.2d 423 (Tex.Civ.App.1969), is cited with approval in White v. State, 543 S.W.2d 366 (Tex.Crim. App.1976). The Texas criminal appellate court states:
Our research reveals that the word "appeal" has not been construed in Texas by an appellate court having criminal jurisdiction since 1840. In that year, in Republic v. Smith, Dallam 407, the Supreme Court of the Republic of Texas defined an appeal (quoting Blackstone) as "a complaint to a superior court of injustice done by an inferior one." Mr. Black gives a similar definition. Black's Law Dictionary, supra, at 124 [rev. 4th ed. 1968].
543 S.W.2d at 368.
I respect precedent, but I have difficulty relying on a case decided 5 years before Texas became a state. I note that "Mr. Black" now, in Black's Law Dictionary 88-89 (5th ed. 1979) and in Black's Law Dictionary 96 (6th ed. 1990), defines "appeal" as follows: "Resort to a superior (i.e. appellate) court to review the decisions of an inferior (i.e. trial) court or administrative agency.... In addition, an appeal may be taken from an administrative agency to a trial court (e.g. from Appeals Council in social security case to U.S. district court)."
Additionally, as noted in the majority opinion, Neb.Rev.Stat. § 60-6,208 (Reissue 1993) and its predecessor statute provide for an "appeal." Further, Neb.Rev.Stat. § 84-917(7) (Reissue 1994) provides: "The review provided by this section shall not be available in any case where other provisions of law prescribe the method of appeal." I believe a fair interpretation of subsection (7) is that a petition for review is one form of an appeal.
I believe that the difference between a petition for review and an appeal is a difference without a distinction, and if that were the only issue before us, there would be no necessity for dissent. It is what happens, however, when the petition for review is treated as an entirely new lawsuit, apparently to be governed by the provisions of chapter 25, articles 1 through 10, of the Nebraska Revised Statutes, that concerns me. Those provisions govern the instituting of new actions by a plaintiff. I do not think the petition for review is an entirely new lawsuit, because no evidence can be adduced in that suit and the entire record to be considered is the record before the agency.
Glass' "Petition For Review of Administrative Agency's Decision" was filed on March 9, 1993. The petition sought the review of the department's order of suspension of February 16. The petition for review, among other requests, sought a stay of Glass' suspension. The district court ordered a stay of the suspension order on March 11. Whether this stay was granted "after notice ... to all parties of record" and whether the court made findings, all as required by § 84-917(3), need not be determined, but the district court did, ex parte, and without compliance with the statute, suspend an apparently valid order of the department.
No summons was ever served on the Attorney General of Nebraska. On March 10, 1993, summons was served, by mail, on the head of the department. On April 27, "State of Nebraska Department of Motor Vehicles, Appellee," filed a special appearance alleging that the district court had no jurisdiction because the Attorney General had not been served a summons and that Glass had failed to comply with Neb.Rev.Stat. § 25-510.02(1) (Reissue 1989). The majority holds that in this case, "in order to institute judicial review under the act, a summons must be served on the Attorney General."
The district court, apparently relying on Nebraska's general rules of pleading in the *352 filing of cases in the district court, denied the special appearance "for the reason that it was not timely filed." The jurisdiction issue was apparently not considered, but the department was apparently held in default because of the lack of timely pleading.
This disposition was set out in a district court order of May 24, 1993, at the time when "THIS MATTER came on hearing on the Petitioner's Petition for Review...."
In the district court's May 24 order, in the next sentences after disposition of the special appearance, the court stated: .... "The Respondent [department] then filed a Motion to Dismiss the Petition for Administrative Agency's Decision [sic] on the same grounds alleged in the Special Appearance. The Court being duly advised in the premises finds and Orders that said Motion to Dismiss is hereby overruled."
The district court then ordered the department "to reinstate the Petitioner's driving privileges effective immediately." The majority holds that by moving for dismissal, "the department invoked the power of the court [and] submitted itself to the binding effect of the district court's judgment."
For the purposes of this dissent, I raise no question as to how the district court exercised jurisdiction over the department at the instant the department's motion was made and immediately set aside the department's order without giving the department a chance to raise a defense to the petition. After all, the department had apparently been in the case about 10 minutes when it had to defend this new lawsuit.
I dissent because the record is clear that no service of summons was made on the Attorney General. Section 84-917(2)(a) provides that proceedings for review shall be instituted by filing a petition within 30 days after the agency decision and that "[s]ummons shall be served within thirty days of the filing of the petition in the manner provided for service of a summons in a civil action." (Emphasis supplied.) Glass' petition for review was filed. The last day for service of summons was April 8. No proper service of summons was ever made. This so-called voluntary appearance was made on May 24. In James v. Harvey, 246 Neb. 329, 332, 518 N.W.2d 150, 152 (1994), we stated: "The filing of the petition and the service of summons are the two actions that are necessary to establish jurisdiction pursuant to the Administrative Procedure Act."
I would construe the requirement of service of summons of the petition within 30 days as mandatory. If not, the department's order of suspension remains in limbo, or perhaps vanishes into a legal "black hole," between April 8, 1993, the time 30 days after the filing of the petition, and the date the State of Nebraska allegedly entered its inadvertent "voluntary appearance" on May 24. To adopt the majority ruling severely damages the chances of a valid administrative order becoming final at any known certain time.
In summary, I note that in Twiss v. Trautwein, 247 Neb. 535, 536, 529 N.W.2d 24, 25 (1995), we referred to the fact that petitioners "appealed the [Nebraska Accountability and Disclosure Commission's] decision to the Lancaster County District Court." In Twiss v. Trautwein, the district court determined that the Attorney General had not been served with summons and "dismissed the appeal." Id. We stated:
On further review, petitioners argue that both the district court and the Court of Appeals erred in ruling that they were required to serve summons upon the Attorney General even though they had complied with Neb.Rev.Stat. § 25-505.01(1) (Reissue 1989). In an appeal under the Administrative Procedure Act, the appeal shall be taken in the manner provided by law for appeals in civil cases, and the judgment rendered or final order entered by the district court may be affirmed, or it may be reversed, vacated, or modified for errors appearing on the record, or the case may be remanded for further proceedings. James v. Harvey, 246 Neb. 329, 518 N.W.2d 150 (1994); Davis v. Wright, 243 Neb. 931, 503 N.W.2d 814 (1993).
Both parties agree that the NADC is a state agency and that this appeal is governed by the Administrative Procedure Act. Neb. Rev.Stat. § 84-917(2)(a) (Reissue 1994) provides *353 that in a review of proceedings under the Administrative Procedure Act, "[s]ummons shall be served within thirty days of the filing of the petition in the manner provided for service of a summons in a civil action." Therefore, we must look to Neb. Rev.Stat. § 25-501 et seq. (Reissue 1989) to determine the statutory criteria for serving summons in a civil action. 247 Neb. at 536-37, 529 N.W.2d at 25-26.
I see no reason to depart at this time from the statements in, and the holding of, Twiss v. Trautwein.
I think the issue in this case should be determined within the concept of "appellate" jurisdiction and that if the summons on the petition for review is not filed within 30 days, the district court loses whatever appellate jurisdiction it has. I would dismiss the appeal from the district court to this court and order the cause remanded by the district court to the department for enforcement of the department's suspension order.