IN RE APPLICATION OF BURLINGTON NORTHERN RAILROAD
COMPANY.
BURLINGTON NORTHERN RAILROAD COMPANY, APPELLEE, V. PAGE
GRAIN COMPANY ET AL., APPELLANTS.
545 N.W.2d 749

Filed April 12, 1996. No. S-94-453.

Bradford E. Kistler, of Kinsey Ridenour Becker & Kistler, for appellants.

Larry L. Ruth and Andrew S. Pollock, of Knudsen, Berkheimer, Richardson & Endacott, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

Nebraska's Public Service Commission (Commission) granted, on a 6-month trial basis, the application of Burlington Northern Railroad Company (Burlington) to discontinue its "Osmond Direct Service Agency" and transfer that agency's services to Burlington's Lincoln agency. Appellants, Page Grain Company, Dixon Elevator, North Side Grain Company, Orchard Fertilizer Company, and Larry Schaefer, as well as other

protestants, moved for a rehearing, which the Commission overruled.

Thereafter, the appellants filed an appeal of the Commission's ruling to the Nebraska Court of Appeals. We, upon the exercise of our authority to regulate the caseloads of the appellate courts, moved the appeal to this court.

In this court, Burlington moved for dismissal of the appeal as moot on the ground that the federal ICC Termination Act of 1995, Pub. L. No. 104–88, 109 Stat. 803 (1995), which became effective January 1, 1996, vests exclusive jurisdiction over rail transportation in the federal Surface Transportation Board and thus preempts state regulation and remedies.

We hold that this court lacks subject matter jurisdiction to address the matter because the ICC Termination Act of 1995 preempts state remedies and vests exclusive jurisdiction in the federal government for interstate rail matters affecting practices, routes, services, and facilities of rail carriers.

## ASSIGNMENTS OF ERROR

Appellants claim that the Commission erred in (1) exceeding its authority by granting Burlington's application on a 6–month trial basis, (2) granting Burlington's application in an unauthorized manner in contravention of Neb. Rev. Stat. § 75–110 (Supp. 1993), (3) assuming it would have jurisdiction to reinstate Burlington's service at Osmond after the 6–month trial period, and (4) failing to consider evidence of Burlington's intention to close its Lincoln centralized agency and transfer those functions to its Fort Worth, Texas, customer service center.

After the appeal was docketed in this court, Burlington filed a motion to dismiss the appeal. It claimed that § 10501(b) of the ICC Termination Act of 1995 vests exclusive jurisdiction of the regulation of the railroad industry to the federal Surface Transportation Board and expressly preempts regulation and remedies provided by state law.

## FACTS

On August 18, 1993, Burlington applied to the Commission to discontinue Burlington's Osmond agency and transfer that agency's service to Burlington's Lincoln agency. Burlington's

Osmond agency served shippers in Bing, Willis, Waterbury, Allen, Dixon, Laurel, Belden, Randolph, McLean, Osmond, Plainview, Copenhagen, Brunswick, Orchard, Page, and O'Neill. Burlington claimed that affected shippers were not solely dependent on Burlington and that "honest, efficient and economical management and operation" of Burlington's railroad required discontinuance of the Osmond agency.

On March 9, 1994, following a hearing, the Commission granted Burlington's application to discontinue its Osmond agency on a 6-month trial basis to be followed by a hearing, the reopening of the record, and the entering of a final order.

Appellants and other protestants moved for a rehearing because they claimed that the Commission (1) was not authorized to discontinue Burlington's Osmond agency on a temporary basis, (2) the Commission order was contrary to the record, and (3) the Commission order was arbitrary and capricious. The motion for rehearing was overruled, and the Commission's order was affirmed.

## ANALYSIS

State courts no longer have jurisdiction to consider the practices, routes, services, and facilities of interstate rail carriers because § 10501(a) of the federal ICC Termination Act of 1995 grants the federal Surface Transportation Board with exclusive jurisdiction over transportation by rail carriers as part of the interstate rail network. Section 10501 states in part:

"(b) The jurisdiction of the [Surface Transportation] Board over—

"(1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and

"(2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State, is exclusive. Except as otherwise provided in this part, *the remedies provided under this part with respect to*

*regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State Law.*"
(Emphasis supplied.) ICC Termination Act of 1995, Pub. L. No. 104–88, 109 Stat. at 807.

The rail service agency in question is a service of Burlington to its shipping customers, as well as a facility of that railroad. As such, the regulation of and remedies relevant to the rail service agency in question are under the exclusive jurisdiction of the federal government. The Supremacy Clause of the U.S. Constitution dictates that state law, including a state's constitution, is superseded to the extent it conflicts with federal law. See *Dowd v. First Omaha Sec. Corp.*, 242 Neb. 347, 495 N.W.2d 36 (1993). Subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *Glass v. Nebraska Dept. of Motor Vehicles*, 248 Neb. 501, 536 N.W.2d 344 (1995). In its strict sense, appellate jurisdiction is the power and authority conferred upon a superior court to reexamine and redetermine causes tried in inferior courts. *Id.* As a result of the ICC Termination Act of 1995, this court has no authority to address the subject matter brought before it in this appeal.

The appeal is dismissed because this court's jurisdiction over rail transportation as it pertains to this appeal has been preempted by the ICC Termination Act of 1995.

APPEAL DISMISSED.