REQUESTED BY: Fernando Lecuona, III Nebraska Commissioner of Labor
You have been designated by the Governor as the Workforce Development Liaison for implementation of the federal Workforce Investment Act of 1998, Public Law 105-220 (Aug. 7, 1998),29 U.S.C. § 2801, et seq. (the "WIA"), in Nebraska. The WIA deals generally with the distribution of federal funds for youth and adult employment and training activities in the various states. You have now posed a number of questions to us concerning the constitutionality of requirements of the WIA under provisions of the Nebraska Constitution. Our responses to your questions are set out below.
 FEDERAL STATUTES
We will first set out several portions of the two sections of the WIA which are the subject of your opinion request to us.
29 U.S.C. § 2821 or Subtitle B, Chapter 1, § 111 of the WIA provides, in pertinent part:
(a) In general
 The Governor of a State shall establish a State workforce investment board to assist in the development of the State plan described in section 2822 of this title and to carry out the other functions described in subsection (d).
(b) Membership
(1) In general
The State Board shall include —
(A) the Governor;
 (B) 2 members of each chamber of the State legislature, appointed by the appropriate presiding officers of each such chamber; and
 (C) representatives appointed by the Governor, who are —
 (i) representatives of business in the State, who —
 (I) are owners of businesses, chief executives or operating officers of businesses, and other business executives or employers with optimum policymaking or hiring authority, including members of local boards described in section 2832(b)(2)(A)(i) of this title;
 (II) represent businesses with employment opportunities that reflect the employment opportunities of the State; and
 (III) are appointed from among individuals nominated by State business organizations and business trade associations;
* * * *
 (iii) representatives of labor organizations, who have been nominated by State labor federations;
 (iv) representatives of individuals and organizations that have experience with respect to youth activities;
* * * *
29 U.S.C. § 2822, or Subtitle B, Chapter 1, § 112 of the Act provides, in pertinent part:
(a) In general
 For a State to be eligible to receive an allotment under section 2852 or 2862 of this title, or to receive financial assistance under the Wagner-Peyser Act (29 U.S.C.A. § 49 et seq.), the Governor of the State shall submit to the Secretary for consideration by the Secretary, a single State plan (referred to in this chapter as the "State Plan") that outlines a 5-year strategy for the statewide workforce investment system of the State and that meets the requirements of section 2821 of this title and this section.
 STATE CONSTITUTIONAL PROVISIONS
Your opinion request also involves the following portions of the Nebraska Constitution.
Art. II, § 1 of the Nebraska Constitution provides:
 The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.
Art. III, § 9 of the Nebraska Constitution provides:
 No person holding office under the authority of the United States, or any lucrative office under the authority of this state, shall be eligible to, or have a seat in the Legislature. No person elected or appointed to the Legislature shall receive any civil appointment to a state office while holding membership in the Legislature or while the Legislature is in session, and all such appointments shall be void.
Art. IV, § 10 of the Nebraska Constitution provides, as is pertinent:
 The Governor shall appoint with the approval of a majority of the Legislature, all persons whose offices are established by the Constitution, or which may be created by law, and whose appointment is not otherwise by law or herein provided for; and no such person shall be appointed or elected by the Legislature.
 ANALYSIS
You have posed seven separate questions regarding the WIA to us. We will consider each of those questions in the order in which you presented them to us.
 Question No. 1. "Are members of the Nebraska Legislature prohibited by Article II, § 1; Article III, § 9; or Article IV, § 10 of the Constitution of the State of Nebraska from serving in their capacity as a member of the Nebraska Legislature and as a board member of a SWIB [State Workforce Investment Board] which performs the duties set forth in Public Law 1-5-220, Subtitle B, Chapter 1, §§ 111 and 112?"
Your first question to us references three provisions of the Nebraska Constitution. We will discuss each constitutional provision separately.
A. Art. II, § 1 — Distribution of Governmental Powers
Art. II, § 1 of the Nebraska Constitution is the State's distribution of powers clause. Its purpose is to establish the permanent framework of our system of government, to assign to the three departments of government — the legislative, executive and judicial — their respective powers and duties, and to establish certain fixed principles upon which our government is to be conducted. State ex rel. Stenberg v. Murphy, 247 Neb. 358,527 N.W.2d 185 (1995). In its institutional aspect, it prohibits one branch of government from encroaching on the duties and prerogatives of the others, or from improperly delegating its own duties and prerogatives. State ex rel. Spire v. Conway,238 Neb. 766, 472 N.W.2d 403 (1991). In its personnel or individual aspect, it prevents certain persons from serving in two branches of government concurrently. Id. In the Conway case, the Nebraska Supreme Court set out the following rule with respect to the individual aspect of art. II, § 1:
. . . article II prohibits one who exercises the power of one branch — that is, an officer in the broader sense of the word — from being a member — that is, either an officer or an employee — of another branch.
238 Neb. at 782, 472 N.W.2d at 412.
We believe there is at least some initial question as to whether art. II, § 1 even applies to service on a state workforce investment board (SWIB), if it is a board created solely under federal statute. Under art. II, § 1, the powers of stategovernment are divided into three distinct departments. State v.Bainbridge, 249 Neb. 260, 543 N.W.2d 154 (1996); State v. Jones,248 Neb. 117, 532 N.W.2d 293 (1995); State v. Phillips,246 Neb. 610, 521 N.W.2d 913 (1994). However, in the absence of any Nebraska law creating a SWIB, a SWIB in Nebraska is arguably a federal agency created under the requirements of federal statutes to assist in implementation of the WIA. Under such an analysis, it appears possible to argue that service on a federally created SWIB does not involve any individual in service in the Executive branch of state government in Nebraska. At the present time, there are no Nebraska statutes which create a SWIB. However, the Governor signed Executive Order No. 99-04 on December 6, 1999. That executive order creates a SWIB in Nebraska, and its provisions generally track those of the federal statutes cited above, except that members of the Legislature are not presently included as members of the Nebraska SWIB. We assume that your initial question pertaining to art. II, § 1 is directed to us to determine, in part, if members of the Legislature can serve on a Nebraska SWIB created under both federal and state law. Therefore, we will continue with our analysis of your question under art. II, § 1. Subsequent references to the SWIB refer both to the SWIB required by federal statute and the SWIB contemplated by Executive Order No. 99-04.
Members of the Nebraska Legislature are obviously officers of the Legislative department of state government. As a result, under the Conway formulation of the requirements of art. II, § 1 set out above, they can be neither an officer nor an employee of another department of state government. We do not believe that members of the Legislature would be employees of state government as a result of membership on the SWIB. Consequently, we must determine if members of the SWIB would be officers of state government, as that term is legally defined, by their service on that board.
The Nebraska Supreme Court has indicated that an office is "a public station or employment, conferred by the appointment of government; and embraces the ideas of tenure, duration, emolument and duties." State ex rel. O'Connor v. Tusa, 130 Neb. 528,535-536, 265 N.W.2d 534, 528 (1936). With respect to the authority of public officers, the Court stated in the Conway case, "[i]t may be said that the almost universal rule is that, in order to indicate office, the duties must partake in some degree of the sovereign powers of the state." 238 Neb. at 771, 772,472 N.W.2d at 407. As a result, a public office is "a governmental position, the duties of which invest the incumbent with some aspect of the sovereign power." Id.
In the present instance, the federal statutes at issue and Executive Order No. 99-04 create a SWIB with specified duties. However, there is no term of office for membership on the SWIB, and members will not be paid for their service. More importantly, it appears to us that the duties of the SWIB are simply to advise the Governor in the creation of the State Plan required under the WIA. Under 29 U.S.C. § 2821 (d), the SWIB is to "assist" the Governor in development of the State Plan which the Governor, and not the SWIB, must submit to the federal Secretary of Labor. Also, under 29 U.S.C. § 2822 (b)(1) the State Plan must show how the Governor "collaborated" with the SWIB in development of the plan. Under Executive Order No. 99-04, the Nebraska SWIB will also "assist" the Governor in development of Nebraska's State Plan, and "make recommendations" as to the use of various federal funds. Since the duties of the SWIB are advisory only, we do not believe that members of the SWIB exercise sovereign powers of the Executive Department of state government, and as a result, members of the SWIB are not officers in the Executive Department of state government. For that reason, we believe that members of the Legislature may permissibly serve on the SWIB under art. II, § 1
of the Nebraska Constitution.[1] We have reached similar conclusions with respect to other advisory bodies which included members of multiple branches of state government. Op. Att'y Gen. No. 99012 (March 17, 1999) (Child Support Commission created to make recommendations to the Legislature and Supreme Court could include members from multiple branches of government); Op. Att'y Gen. No. 93008 (February 17, 1993) (Functional teams created to make recommendations under the State Government Assessment System could include members from all branches of state government); Op. Att'y Gen. No. 92076 (May 29, 1992) (advisory nature of Youth Services Planning Commission allowed members of the Judicial department to sit on body making recommendations to Legislature and Governor); Op. Att'y Gen. No. 92073 (May 22, 1992) (Advisory nature of Judicial Resources Commission allowed judges to sit on body making recommendations to the Legislature).
B. Article III, § 9 — Multiple Office Holding by Members ofthe Legislature
Art. III, § 9 of the Nebraska Constitution prohibits members of the Nebraska Legislature from simultaneously holding office under authority of the United States or other lucrative office under authority of this state while serving in the Legislature. It also prohibits members of the Legislature from receiving any civil appointment to a state office while holding membership in the Legislature or while the Legislature is in session. As discussed at length above, we do not believe that members of a Nebraska SWIB would be "officers" of the state or the United States as that term is legally defined, and therefore, we do not believe that members of a Nebraska SWIB would hold an "office." For that reason, members of the Nebraska Legislature could serve on the SWIB under the provisions of art. III, § 9.
C. Article IV, § 10 — Governor's Appointment Power
Article IV, § 10 of the Nebraska Constitution provides that the Governor shall make appointments of persons whose offices are created by law, and no such person shall be appointed or elected by the Legislature. Therefore, that constitutional provision prohibits legislative appointments of officers whose offices are created by law. Wittler v. Baumgartner, 180 Neb. 446,144 N.W.2d 62 (1966). In the present instance, the presiding officer of the Legislature would make appointments of legislative members of the SWIB under the requirements of the WIA, and this would seem to implicate art. IV, § 10. However, for the reasons set out above, we believe that persons who serve on a Nebraska SWIB would not be officers under law. As a result, members of the Legislature could be appointed to the SWIB in the manner prescribed by the WIA without contravening art. IV, § 10 of the Nebraska Constitution.
 Question No. 2. "Would the answer to question #1 change if the members of the Nebraska Legislature serving on the SWIB are non-voting members of the board?"
Our answers to Question No. 1 are based upon the advisory nature of the SWIB, and upon the notion that members of the SWIB would not be federal or state "officers" by reason of their service on that board. As a result, whether members of the Nebraska Legislature were voting or non-voting members of the SWIB would not change those conclusions.
 Question No. 3. "The United States Department of Labor has suggested that if members of the Nebraska Legislature are constitutionally prohibited from serving on the Nebraska SWIB, they would consider the appointment of employees of the Legislature as an acceptable alternative to appointment of members of the Legislature. . . . If the appointment of members of the Legislature is impermissible under either Article II, § 1; Article III, § 9; or Article IV, § 10 of the Constitution of the State of Nebraska, would the appointment of employees of the Legislature in lieu of members of the Legislature be constitutionally permissible under Article II, § 1; Article III, § 9; or Article IV, § 10 of the Constitution of the State of Nebraska?"
Since we have concluded that members of the Nebraska Legislature may constitutionally serve on a Nebraska SWIB, there is no need for us to reach this question.
 Question No. 4. "The WIA contemplates appointments of members of "two chambers of the State Legislature" to the SWIB. Nebraska has adopted a Unicameral system and does not have a second chamber of the its (sic) state Legislature. If members of the Nebraska Legislature can serve as members of Nebraska's SWIB, is the proper number of appointees two or four?"
At the outset, we would suggest that this question is more properly addressed to federal officials since the actual statutes at issue are federal statutes, and the apparent purpose of Nebraska's participation in WIA programs is to obtain federal funds. Consequently, it seems to us that federal officials and their counsel should be the final arbiters of what the federal government will require for membership on a state SWIB in order for that state to participate in the federal program. Nevertheless, the starting point in the interpretation of federal statutes is always the plain language of the statute itself, and that is where statutory interpretation begins. United States v.Hanousek, 176 F.3d 1116 (9th Cir. 1999); Planned Parenthood ofMid-Missouri and Eastern Kansas, Inc. v. Dempsey, 167 F.3d 458
(8th Cir. 1999). 29 U.S.C. § 2821 (b)(1) provides that a SWIB shall include "2 members of each chamber of the State legislature" (emphasis added). It seems to us that the use of the word "each" in that statute necessarily requires that "every" chamber or "any" chamber of a state legislature will receive two appointees to a SWIB. See BLACK'S LAW DICTIONARY 455 (5th ed. 1979). Since Nebraska has only one chamber of the Legislature in its unicameral system, two members of the Nebraska Legislature should be appointed to the Nebraska SWIB.
 Question No. 5. "Does the appointment of members of the State Legislature to the SWIB under § 111(b)(1)(B) by a presiding officer or officers of the Legislature conflict with Article IV, § 10, of the Nebraska Constitution?"
Again, art. IV, § 10 of the Nebraska Constitution prohibits legislative appointments, and the Nebraska Legislature may not appoint or elect any person whose office is established by the Constitution or created by law. However, as discussed at length above, members of a SWIB are not, in our view, "officers" as that term is legally defined, and we do not believe that members of a SWIB hold "offices." Therefore, it does not appear to us that art. IV, § 10 prohibits the appointments at issue, because the Legislature, in making appointments of its members to a SWIB, will not appoint a person to an "office" established under law.
 Question No. 6. "Does the limitation of the field of potential appointees to representatives nominated by certain groups under § 111(b)(1)(C)(i) and § 111(b)(1)(C)(iii) of the WIA conflict with Article IV, § 10, of the Nebraska Constitution?"
In Wittler v. Baumgartner, 180 Neb. 446, 144 N.W.2d 62
(1966), the Nebraska Supreme Court held that a statute providing that the Board of Directors for a public electric corporation would be selected from members residing in nine regions violated art. IV, § 10 of the Nebraska Constitution when five of those regions contained only one person qualified to receive the appointment. The court reasoned that a statute which limited the appointment of officials by the Governor to a certain unnamed individual or to a limited few constituted an indirect legislative appointment and an encroachment by the Legislature upon the appointment powers of the Governor in contravention of art. IV § 10. The portions of the federal statutes referenced in your final question require the Governor to appoint SWIB members who are representatives of business in this State from nominations by state business organizations, and SWIB members who are representatives of labor organizations from nominations by state labor federations. We assume that your final question grows out of those statutory limits on the nomination process, and constitutional concerns implicated by the Baumgartner decision.
We do not believe generally that the statutory provisions at issue so limit the Governor's appointment options as to clearly violate the Baumgartner rule. However, more importantly, that issue is resolved by our discussion above. We do not believe that members of a SWIB are "officers" as that term is legally defined, and therefore, we do not believe that members of a SWIB hold "offices." Since art. IV, § 10 is limited by its own terms to appointments of persons to "offices," that section does not apply to the appointments to the SWIB which are at issue.
 Question No. 7. "Do the requirements of § 111(b)(1)(B), § 111(b)(1)(C)(i) and § 111(b)(1)(C)(iii) of the WIA in any way preempt any provisions of the Nebraska Constitution?"
Article VI, Paragraph 2 of the United States Constitution, the Supremacy Clause, dictates that state law, including a state's constitution, is superceded or preempted to the extent that it conflicts with federal law. In re Application of BurlingtonNorthern Railroad Co., 249 Neb. 821, 545 N.W.2d 749 (1996). Federal law which conflicts with state law controls over state law, including a state's constitution. Mapco v. State Board ofEqualization, 238 Neb. 565, 471 N.W.2d 734 (1991). For the reasons discussed above, we do not believe that the requirements of the WIA conflict with the Nebraska Constitution. Consequently, we need not reach your final question concerning federal preemption.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
DON STENBERG Attorney General
[1] We emphasize here that our conclusion is based upon our understanding that the duties of the SWIB are advisory only. Any attempt to give the SWIB independent powers with respect to the WIA could create constitutional difficulties.