ROBERT W. TWISS ET AL., APPELLANTS, V. DANNIE TRAUTWEIN
IN HER OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE
NEBRASKA ACCOUNTABILITY AND DISCLOSURE COMMISSION ET
AL., APPELLEES.

529 N.W.2d 24

Filed March 10, 1995.　No. S-93-404.

Paul D. Kratz, of McGill, Gotsdiner, Workman & Lepp, P.C., and Mark A. Fahleson, of Berens & Tate, P.C., for appellants.

Don Stenberg, Attorney General, and Linda L. Willard for appellees.

WHITE, C.J., CAPORALE, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

WHITE, C.J.

Petitioners, Robert W. Twiss, the Bob Twiss for Legislature Committee (committee), and Alice C. Cummings, the committee's treasurer, appealed from an order of the Lancaster County District Court in which the district court dismissed

petitioners' case on the ground that the Nebraska Attorney General had not properly been served with summons. Petitioners appealed to the Nebraska Court of Appeals, which affirmed by memorandum opinion the district court's decision. We affirm.

In 1992, Twiss was a candidate for the Nebraska Legislature. Pursuant to Neb. Rev. Stat. § 49–1459 (Reissue 1988), his committee was required to file a postprimary campaign statement. However, the committee did not file such a statement until more than 1 month past the deadline. The Nebraska Accountability and Disclosure Commission (NADC) fined the committee $300. Petitioners appealed the NADC's decision to the Lancaster County District Court. Petitioners served summons upon Dannie Trautwein, the NADC's executive director, in her official capacity; the NADC; Allen J. Beermann, the Secretary of State; and several NADC members in their individual capacities.

Petitioners, however, did not serve summons upon the Attorney General. The Attorney General filed a special appearance, alleging that he had not properly been served. The district court agreed and dismissed the appeal. Petitioners appealed to the Court of Appeals.

The Court of Appeals affirmed the district court's decision. Thereafter, petitioners filed a petition for further review in this court. We granted their petition for further review.

On further review, petitioners argue that both the district court and the Court of Appeals erred in ruling that they were *required* to serve summons upon the Attorney General even though they had complied with Neb. Rev. Stat. § 25–505.01(1) (Reissue 1989). In an appeal under the Administrative Procedure Act, the appeal shall be taken in the manner provided by law for appeals in civil cases, and the judgment rendered or final order entered by the district court may be affirmed, or it may be reversed, vacated, or modified for errors appearing on the record, or the case may be remanded for further proceedings. *James v. Harvey*, 246 Neb. 329, 518 N.W.2d 150 (1994); *Davis v. Wright*, 243 Neb. 931, 503 N.W.2d 814 (1993).

Both parties agree that the NADC is a state agency and that this appeal is governed by the Administrative Procedure Act.

Neb. Rev. Stat. § 84–917(2)(a) (Reissue 1994) provides that in a review of proceedings under the Administrative Procedure Act, "[s]ummons shall be served within thirty days of the filing of the petition in the manner provided for service of a summons in a civil action." Therefore, we must look to Neb. Rev. Stat. § 25–501 et seq. (Reissue 1989) to determine the statutory criteria for serving summons in a civil action.

Sections 25–508.01 through 25–514.01 provide the methods of service upon individuals, corporations, the state, political subdivisions, dissolved corporations, partnerships, unincorporated associations, and agents. Specifically, § 25–510.02, captioned "Service on state or political subdivision," provides:

> (1) The State of Nebraska, any state agency as defined in section 81–8,210, and any employee of the state as defined in section 81–8,210 sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail service addressed to the office of the Attorney General.

The petitioners claim that the phrase "may be served" is discretionary, thereby entitling them to serve summons as provided in § 25–505.01. However, the plain meaning of the phrase "may be served," when viewed in the context of the service statutes, modifies the method of acceptable service, not the entity to be served. Cf. *Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985). In other words, a claimant's service, to be effective, may be served in one of four ways: (1) by leaving summons at the Attorney General's office with the Attorney General, (2) by leaving summons at the Attorney General's office with a deputy attorney general, (3) by leaving summons at the Attorney General's office with someone designated in writing by the Attorney General to receive summons, or (4) by sending summons by certified mail addressed to the Attorney General's office. All other forms of service in actions against the State of Nebraska or any of its political subdivisions are ineffectual.

AFFIRMED.

FAHRNBRUCH and CONNOLLY, JJ., not participating.