K N ENERGY, INC., APPELLEE, v. CITIES OF BROKEN BOW ET AL., APPELLANTS.

K N ENERGY, INC., APPELLEE, v. CITIES OF COZAD ET AL., APPELLANTS.

K N ENERGY, INC., APPELLEE, v. CITIES OF ALBION ET AL., APPELLANTS.

K N ENERGY, INC., APPELLEE, v. CITIES OF ARAPAHOE ET AL., APPELLANTS.

532 N.W.2d 32

Filed May 26, 1995. Nos. S-94-559, S-94-560, S-94-561, S-94-563.

Michael J. Shaughnessy and James D. Larson for appellants.

M.J. Bruckner and Gary J. Nedved, of Bruckner, O'Gara, Keating, Hendry, Davis & Nedved, P.C., and B.J. Becker and Kathryn L. McCoy for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

FAHRNBRUCH, J.

The appealing municipalities in these lawsuits claim that the trial court erred in dismissing their motions for refunds to natural gas ratepayers which the municipalities claim are due from K N Energy, Inc. (K N), because of alleged excessive interim utility rates collected by K N.

In so ruling, the district court for Lancaster County found it lacked jurisdiction to grant the municipalities' motions.

We affirm the district court's ruling.

## ASSIGNMENTS OF ERROR

The appealing municipalities claim the district court erred in holding that it lacked jurisdiction to hear the municipalities' motions and in refusing to order refunds pursuant to Neb. Rev. Stat. § 19–4607(5) (Reissue 1987).

## STANDARD OF REVIEW

When a jurisdictional question does not involve a factual

dispute, determination of the issue is a matter of law which requires an appellate court to reach a conclusion independent from that of the inferior court. See *In re Interest of Constance G.*, 247 Neb. 629, 529 N.W.2d 534 (1995).

## FACTS

In January 1991, K N sought injunctions to prevent numerous municipalities, including the municipalities involved in these appeals, from enforcing ordinances which set natural gas rates lower than the rates requested by K N. In the 1991 actions, K N alleged that the ordinances were arbitrary, unreasonable, capricious, and deprived K N of its property without due process of law.

The cases were consolidated for trial, and in August 1991, the district court for Lancaster County enjoined the municipalities from continuing enforcement of the gas rates they adopted in the challenged ordinances. The municipalities were also enjoined from preventing K N from collecting money under its proposed rates until such time as each municipality, by proper action, adopted rates that were in conformity with the court's opinion or that were just, reasonable, adequate, and compensatory.

The municipalities appealed to the Nebraska Court of Appeals, contending that K N had not met its burden of proving that the municipalities' rates were arbitrary, capricious, and confiscatory. The Court of Appeals reversed the district court's judgment and remanded the causes for a new trial. We granted K N's petition for further review. Upon de novo review, we reversed the Court of Appeals' judgment and remanded the causes with direction to reinstate the district court's judgment to enjoin the enforcement of rates prescribed by the municipalities' ordinances. *K N Energy, Inc. v. Cities of Broken Bow et al.*, 244 Neb. 113, 505 N.W.2d 102 (1993).

Thereafter, on April 22, 1994, the municipalities involved in these appeals filed in the district court for Lancaster County motions for refunds to ratepayers in the same docket and page numbers as those in the actions previously ruled upon by this court. The appealing municipalities alleged in their motions that they each had enacted a rate ordinance consistent with the

district court's order of 1991. The appealing municipalities alleged that the new municipal rates they enacted reduced the rates collected by K N from October 1, 1990, through May 1, 1993. The appealing municipalities also claimed that, because the utility's interim rates exceeded those that would have been collected under the newly enacted rates, K N was required, under § 19-4607(5), to refund, with interest, the excess funds it had received.

K N objected to the motions on jurisdictional grounds and also because the adopted ordinances were the subject of a pending lawsuit in the Lancaster County District Court.

On May 4, 1994, the district court, finding it lacked jurisdiction to entertain the municipalities' motions, dismissed them. In rendering its dismissal orders, the trial court noted that the rates adopted by the municipalities after the court's 1991 ruling had not been judicially approved, nor had they been agreed to by K N. See § 19-4607.

## ANALYSIS

When an appellate court remands a cause with directions, the judgment of the appellate court is a final judgment in the cause, and the entry thereof in the lower court is a purely ministerial act. No modification of the judgment so directed can be made, nor may any provision be engrafted on or taken from it. That order is conclusive on the parties, and no judgment or order different from, or in addition to, that directed by it can have any effect, even though it may be such as the appellate court ought to have directed. See, *Xerox Corp. v. Karnes*, 221 Neb. 691, 380 N.W.2d 277 (1986); *Gates v. Howell*, 211 Neb. 85, 317 N.W.2d 772 (1982); *Jurgensen v. Ainscow*, 160 Neb. 208, 69 N.W.2d 856 (1955). Our 1993 opinion reinstating the district court order was a final judgment in the cause. Thus, the district court has no jurisdiction to grant a motion filed in a fully adjudicated cause of action in the appellate court, seeking to supplement the appellate court's order.

In passing, we note that the appealing municipalities did not follow the procedure set forth in the Municipal Natural Gas Regulation Act for seeking refunds. See Neb. Rev. Stat. §§ 19-4601 to 19-4623 (Reissue 1987 & Cum. Supp. 1990).

The Legislature never intended for a court to set utility rates. The act was intended to provide that a court would only judge whether a municipality acted within the scope of its legislative authority. See *K N Energy, Inc. v. City of Scottsbluff*, 233 Neb. 644, 447 N.W.2d 227 (1989) (quoting final statement of legislative intent of the Municipal Natural Gas Regulation Act). We continue to hold that the setting of natural gas rates is a legislative act. *Reimer v. K N Energy, Inc.*, 223 Neb. 142, 388 N.W.2d 479 (1986). Section 19-4607(5) states, in part: "In the event that the revenue actually collected by the utility through interim rates exceeds that which would have been collected had the final rates been effective throughout such period, the utility shall refund the excess with interest as provided in this section."

The record before this court does not reflect that the alleged latest rates adopted by the appealing municipalities involved here are final rates. K N successfully challenged the original rates established by the municipalities involved here, thus allowing the utility to continue collecting its interim rates. Section 19-4607(2) states:

> If the utility takes timely action to initiate judicial review of the rates adopted by a municipality . . . the utility shall be permitted to continue to collect interim rates from the date the rates are adopted by the municipality until a rate ordinance adopted by the municipality is affirmed by the district court or accepted by the utility subject to refund . . . .

As the district court for Lancaster County noted, the ordinances claimed to have been adopted by the appealing municipalities following the trial court's 1991 orders have not been affirmed by a district court or accepted by the utility. In fact, the record reflects that K N filed a lawsuit challenging the ordinances which, as far as the record before us is concerned, is still pending. Thus, the rates adopted by the appealing municipalities are not final and valid for purposes of § 19-4607(5).

## CONCLUSION

The municipalities involved here moved the district court to rule upon a matter that had been fully adjudicated. As a result,

the district court for Lancaster County properly dismissed the motions for lack of jurisdiction. The judgment of the district court is affirmed.

AFFIRMED.

CONNOLLY, J., not participating.