CHRYSLER CORPORATION, APPELLEE, V. LEE JANSSEN MOTOR COMPANY, A NEBRASKA CORPORATION, APPELLANT.

534 N.W.2d 568

Filed June 30, 1995.   No. S–93–875.

Michael K. High, of Bruckner, O'Gara, Keating, Hendry, Davis & Nedved, P.C., for appellant.

Robert D. Kinsey, Jr., and Richard L. Rice, of Kinsey Ridenour Becker & Kistler, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and LIKES, D.J.

WRIGHT, J.

This appeal comes before us pursuant to the Administrative Procedure Act, Neb. Rev. Stat. §§ 84–901 through 84–920 (Reissue 1994). The district court for Lancaster County reversed the Nebraska Motor Vehicle Industry Licensing Board's (Board) determination that Chrysler Corporation (Chrysler) had wrongfully charged back certain warranty claims submitted by Lee Janssen Motor Company (Janssen). The district court held that although Janssen had a right to make a demand for the warranty claims, the Board had no right to make a determination as to the amount of the claims. Janssen appealed to the Court of Appeals, and we removed the appeal to this court in order to regulate the caseloads of the appellate courts.

## SCOPE OF REVIEW

When determination of a jurisdictional question involves factual findings, a trial court's decision on the question of jurisdiction will be upheld unless the factual findings concerning jurisdiction are clearly incorrect. When a jurisdictional question does not involve a factual dispute, determination of the jurisdictional issue is a matter of law, which requires an appellate court to reach a conclusion independent from the trial court's conclusion on the jurisdictional issue. *Williams v. Gould, Inc.*, 232 Neb. 862, 443 N.W.2d 577 (1989). See

*Crystal Clear Optical v. Silver*, 247 Neb. 981, 531 N.W.2d 535 (1995).

## FACTS

By a letter to the Board dated October 23, 1990, Janssen claimed that Chrysler was violating Neb. Rev. Stat. § 60–1438 (Reissue 1988) by charging back warranty claims which had been, in Janssen's opinion, substantiated. The letter described an audit conducted by Chrysler and outlined several of the disputed warranty claims that the audit had produced. Janssen ended the letter with the following:

> I request that a formal hearing be convened and that Chrysler be required to refrain from further violation of the Statutes that this Board is to enforce equally for the benefit and protection of the customer, dealer and manufacturer. Further I request Chrysler be ordered to withdraw the false charge backs, that my dealership not be threatened, and that my parts not be "C.O.D." as a result of this dispute and for such further remedy as the Board feels is proper.

The Board sent a "Notice of Hearing to Show Cause" to Chrysler concerning "the matter of the revocation or the suspension of the motor vehicle manufacturer license, license #MF–00050 issued by the Board to Chrysler Corporation." Chrysler was notified to appear and show cause why Chrysler's license issued by the Board should not be revoked or suspended by the Board because it was alleged that Chrysler had

> failed, neglected and refused to compensate [Janssen] for warranty service which [Chrysler] requires the Dealer to provide in the amount of [$17,250]. That [Janssen] submitted claims for said warranty work to [Chrysler] and [Chrysler] failed and neglected to disapprove said claims within [30] days . . . . Moreover, [Chrysler] has not demonstrated to [Janssen] that said claims . . . were false, fraudulent or unsubstantiated. That [Chrysler's] conduct . . . is contrary to the provisions of §60–1438 . . . and §60–14.11.02(11) [sic] . . . . That [Chrysler's] failure to comply with the provisions of §60–1438 . . . is willful or through undue negligence.

The notice and hearing were given pursuant to the provisions of Neb. Rev. Stat. §§ 60-1411.02 (Cum. Supp. 1992), and 60-1413, 60-1414, and 60-1415 (Reissue 1988). The notice stated that failure to appear "may cause an order or orders to be entered . . . revoking or suspending your license" or "a demand by the Board . . . for restitution to a harmed consumer."

On August 5, 1991, Janssen revised and narrowed its claims through a complaint before the Board stating that Chrysler was required to compensate Janssen for warranty service. Janssen pled that Chrysler had wrongfully charged back specific warranty claims and presented a list of those specific claims. The complaint ended with the following statement: "WHEREFORE, the complainant requests that defendant be required to pay the sum of $11,760.58 together with the costs of this action." Chrysler's answer denied the allegations of the complaint and stated the Board lacked subject matter jurisdiction to hear the complaint.

At a hearing before the Board on October 25, 1991, the president of Janssen testified: "They charged me back and I felt strongly that they [the claims] should not have been charged back, so I filed a complaint before the board." Chrysler maintained the Board had no jurisdiction, but its auditor testified it disallowed certain warranty claims which Chrysler believed to be unsubstantiated.

The Board found that Chrysler should be entitled to charge back $2,337.39 on warranty claims, but that Janssen was entitled to compensation of $11,760.58 for warranty claims that had been wrongfully charged back. The Board did not make a finding as to whether Chrysler's license should be revoked or suspended.

Chrysler appealed to the district court for Lancaster County. On appeal, the record from the Board was received, and the district court subsequently issued an order on August 31, 1993, finding that the Board did not have the power to determine monetary damages. The court reversed the order of the Board and directed the Board to dismiss Janssen's 1991 complaint. Janssen appeals.

## ASSIGNMENT OF ERROR

Janssen claims the district court erred as a matter of law in determining that the Board lacked jurisdiction without first conducting a de novo review of the entire record and the Board's factual findings.

## ANALYSIS

The issue of whether the Board lacked jurisdiction is more precisely whether the Board had authority to issue its findings and order awarding damages to Janssen in response to the 1991 complaint filed by Janssen. The Board was established pursuant to Neb. Rev. Stat. § 60-1402(1) (Reissue 1993). The Board's powers are found throughout chapter 60, article 14. Section 60-1411.02 provided:

> The board may, upon its own motion, and shall, upon a sworn complaint in writing of any person, investigate the actions of any person licensed [under chapter 60, article 14. The board] shall have the power to deny any application for a license or to revoke or suspend any license issued under Chapter 60, article 14, when the applicant or licensee including any officer, stockholder, partner, or any person having any financial interest in the applicant or licensee:
>
> . . . .
>
> (11) Has failed to comply with Chapter 60, article 14, and any orders, rules, or regulations of the board adopted and promulgated under Chapter 60, article 14 . . . .

Furthermore,

> [i]f the board shall determine that the license holder has willfully or through undue negligence been guilty of any violation of Chapter 60, article 14 . . . his or her license may be suspended or revoked, or he or she may be placed on probation. The board may make a demand on a [violator of chapter 60, article 14] for restitution to a harmed consumer.

§ 60-1415. After the Board's determination is final, the party may appeal in accordance with the Administrative Procedure Act. *Id.*

Pursuant to § 60-1438(1), Chrysler was required to put in

writing the service and warranty requirements it expected of its dealers, as well as the levels of compensation for the work. Subsection (2) required Chrysler to provide reasonable compensation for the warranty work. Finally, subsection (4) required that all reimbursements for warranty work must be paid within 30 days after Chrysler's approval, subject to a right of audit within 2 years. The motor vehicle industry licensing statutes (chapter 60, article 14) provide that any person who is or may be injured by a violation of the act may bring an action in the appropriate court for damages and equitable relief. See Neb. Rev. Stat. § 60-1440 (Reissue 1993). Thus, an aggrieved party is required to seek such relief by judicial proceeding.

In the case at bar, the district court limited its review to determining the authority of the Board with regard to the 1991 complaint filed by Janssen. When determination of a jurisdictional question involves factual findings, a trial court's decision on the question of jurisdiction will be upheld unless the factual findings concerning jurisdiction are clearly incorrect. When a jurisdictional question does not involve a factual dispute, determination of the jurisdictional issue is a matter of law, which requires an appellate court to reach a conclusion independent from the trial court's conclusion on the jurisdictional issue. *Williams v. Gould, Inc.*, 232 Neb. 862, 443 N.W.2d 577 (1989). See, also, *Crystal Clear Optical v. Silver*, 247 Neb. 981, 531 N.W.2d 535 (1995).

It is an elementary principle of administrative law that administrative bodies have only that authority specifically conferred upon them by statute or by construction necessary to achieve the purpose of the relevant act. *In re Application A-16642*, 236 Neb. 671, 463 N.W.2d 591 (1990); *NAPE v. Game & Parks Comm.*, 220 Neb. 883, 374 N.W.2d 46 (1985). We recognize that the jurisdiction of the Board to hear the case at bar is decided by the scope of chapter 60, article 14.

The district court held that

> [n]otwithstanding its notice to show cause . . . the Board did not determine whether Chrysler's license . . . should be revoked or suspended. What the Board did was to determine what monies were due between the parties. It found that $11,760.5[8] was not owed from Janssen to

Chrysler, but that $2,337.39 was owed from Janssen to Chrysler. The Board also determined that no attorney fees would be awarded. The court finds that the Board did not have authority to determine the equitable relief contained in its Order.

In determining that it had jurisdiction to adjudicate Janssen's Complaint, the Board cited to Neb. Rev. Stat. § 60-1411.02(13) (Cum. Supp. 1992); § 60-1415 (Reissue 1988); and § 60-1438 (Cum. Supp. 1992.) Section 60-1411.02(13) confers upon the Board the right to revoke or suspend a license issued pursuant to Chapter 60, article 14 [the Act] for failure to comply with the provisions of the Act. It does not refer to the Board being permitted to grant equitable relief. Section 60-1415 allows the Board to ". . . make demand on a dealer or licensee for restitution to a harmed consumer." First, Janssen is not a "harmed *consumer.*" Secondly, although a right to make demand exists, a right to determine the amount does not. . . .

. . . .

The decision of the Board is reversed and the case is remanded with directions to dismiss Janssen's Complaint. The court makes no ruling on the show cause issued by the Board, since the Board made no ruling thereon.

In § 60-1411.02, the Board is authorized to impose particular sanctions on licensees who have committed the acts enumerated within the section. In the case of Chrysler, which is a licensee, chapter 60, article 14, authorized the Board to suspend or revoke Chrysler's license or place Chrysler on probation. Within § 60-1411.02 there is no provision whereby the Board may order Chrysler to pay money to Janssen.

The Board claimed as authority § 60-1415: "The board may make a demand on a [violator] for restitution to a harmed consumer." At the time of the Board's decision, the term "harmed consumer" was not defined in chapter 60, article 14. "Consumer care" was defined as "the performance, for the public, of necessary maintenance and repairs to motor vehicles." Neb. Rev. Stat. § 60-1401.02(24) (Cum. Supp. 1992). "Motor vehicle dealer" was defined as "any person engaged in the business of selling or exchanging new or used

motor vehicles and trailers who buys, sells, exchanges, causes the sale of, or offers or attempts to sell five or more new or used motor vehicles in any one calendar year." § 60-1401.02(3).

In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *State ex rel. Perkins Cty. v. County Superintendent*, 247 Neb. 573, 528 N.W.2d 340 (1995); *In re Application of City of Grand Island*, 247 Neb. 446, 527 N.W.2d 864 (1995); *State ex rel. Scherer v. Madison Cty. Comrs.*, 247 Neb. 384, 527 N.W.2d 615 (1995). Black's Law Dictionary 316 (6th ed. 1990) defines a consumer as "[o]ne who consumes. Individuals who purchase, use, maintain, and dispose of products and services. Users of the final product. . . . Consumers are to be distinguished from manufacturers (who produce goods), and wholesalers or retailers (who sell goods)." Furthermore, a court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme. *Grady v. Visiting Nurse Assn.*, 246 Neb. 1013, 524 N.W.2d 559 (1994). See, also, *In re Application of City of Grand Island, supra*; *State ex rel. Scherer v. Madison Cty. Comrs., supra*; *Anderson v. Nashua Corp.*, 246 Neb. 420, 519 N.W.2d 275 (1994). The Legislature equated "consumer" with "public." We conclude that "consumer," as contemplated by the Legislature, meant a member of the general public and not a dealer. Janssen, as a dealer, was not a member of the general public and therefore not a "harmed consumer."

Therefore, the Board's power in this case was limited to a determination of whether Chrysler had violated § 60-1438 and the imposition of a sanction authorized by § 60-1411.02. As previously noted, administrative bodies have only that authority specifically conferred upon them by statute. *In re Application A-16642*, 236 Neb. 671, 463 N.W.2d 591 (1990). Janssen did not ask for an authorized sanction. The Board imposed no authorized sanction. The Board had no authority to hear Janssen's demand that Chrysler be required to pay Janssen $11,760.58. The judgment of the district court is affirmed.

AFFIRMED.