GORDON M. BECKER, APPELLANT, V. NEBRASKA ACCOUNTABILITY
AND DISCLOSURE COMMISSION ET AL., APPELLEES.

541 N.W.2d 36

Filed December 22, 1995.   No. S–94–666.

Gordon M. Becker, pro se.

Don Stenberg, Attorney General, and Linda L. Willard for appellee Nebraska Accountability and Disclosure Commission.

John C. Wiltse for appellees Allen et al.

CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

Gordon M. Becker sought judicial review in Lancaster County District Court under the Administrative Procedure Act of a settlement agreement between the Nebraska Accountability and Disclosure Commission (Commission) and the University of Nebraska Board of Regents (Regents). The Lancaster County District Court dismissed Becker's petition for lack of jurisdiction, the Nebraska Court of Appeals summarily affirmed the dismissal, and we granted further review.

## SCOPE OF REVIEW

When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law, which requires an appellate court to reach a conclusion independent from the trial court's conclusion on the jurisdictional issue. *Chrysler Corp. v. Lee Janssen Motor Co.*, 248 Neb. 281, 534 N.W.2d 568 (1995); *K N Energy, Inc. v. Cities of Broken Bow et al.*, 248 Neb. 112, 532 N.W.2d 32 (1995).

Where the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction. *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995).

## FACTS

Becker filed a number of complaints with the Commission in January and March 1993. On November 5, 1993, the Commission found "probable cause" that certain regents had used funds under their control to pay for travel and food expenses for their spouses in connection with the 1993 Orange Bowl, in violation of Neb. Rev. Stat. § 49–14,101(4) (Reissue 1993). The Commission also found "probable cause" that certain regents had failed to disclose gifts on financial disclosure statements in connection with the 1992 Coca–Cola Bowl in Japan, in violation of Neb. Rev. Stat. § 49–1496(2)(e) (Reissue 1988).

On March 11, 1994, the Commission approved a settlement agreement in which the Regents agreed that they would not use public funds to pay the expenses of their spouses to attend postseason bowl games. The Regents also agreed to disclose the name of the corporate sponsor who paid their travel expenses to the Coca–Cola Bowl in Japan. In return, the Commission agreed that it would cease further prosecution of the matters in connection with the 1993 Orange Bowl and the Coca–Cola Bowl in 1992, that no civil penalties would be assessed, and that no reimbursements would be required. The agreement was signed by the University of Nebraska's general counsel, Richard Wood, and by the executive director of the Commission.

Becker filed an "Appeal of Decision of Nebraska Accountability and Disclosure Commission" on March 31, 1994, naming as defendants the Commission, the individual regents, and Wood. A summons was sent by certified mail directly to each defendant. No summons was sent to the Attorney General.

The Regents and Wood filed a demurrer asserting that Becker was not a party to the proceedings and that his petition failed to state facts sufficient to constitute a cause of action. The Commission filed a special appearance asserting that the district court lacked personal jurisdiction. In an order dated June 13, 1994, the district court found that since service of summons was not made on the Attorney General pursuant to Neb. Rev. Stat. § 25–510.02 (Reissue 1989) within 30 days after the filing of the petition, the district court was without jurisdiction in the matter.

In addition, the court found that Becker was not a person "aggrieved" pursuant to Neb. Rev. Stat. § 84-917 (Reissue 1994) and that he had no standing to seek judicial review of the action of the Commission. The district court sustained the Commission's special appearance and the demurrer of the Regents and dismissed Becker's petition. The Court of Appeals summarily affirmed.

## ASSIGNMENTS OF ERROR

Summarized and restated, Becker asserts in his petition for further review that the Court of Appeals erred in granting summary affirmance and in dismissing the appeal for lack of jurisdiction because of improper service.

## ANALYSIS

We first address whether the district court had personal jurisdiction over the Commission, the Regents, and Wood. When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law, which requires an appellate court to reach a conclusion independent from the trial court's conclusion on the jurisdictional issue. *Chrysler Corp. v. Lee Janssen Motor Co.*, 248 Neb. 281, 534 N.W.2d 568 (1995); *K N Energy, Inc. v. Cities of Broken Bow et al.*, 248 Neb. 112, 532 N.W.2d 32 (1995).

Personal jurisdiction is the power of a tribunal to subject and bind a particular entity to its decisions. *Glass v. Nebraska Dept. of Motor Vehicles*, 248 Neb. 501, 536 N.W.2d 344 (1995). While the lack of subject matter jurisdiction cannot be waived nor the existence of subject matter jurisdiction conferred by the consent or conduct of the parties, lack of personal jurisdiction may be waived and such jurisdiction conferred by the conduct of the parties. *Id.* One who invokes the power of the court on an issue other than the court's jurisdiction over one's person makes a general appearance so as to confer on the court personal jurisdiction over that person. *Id.*

Under § 25-510.02, service on a state or political subdivision, to be effective, may be done in one of four ways: (1) by leaving summons at the Attorney General's office with the Attorney General, (2) by leaving summons at the

Attorney General's office with a deputy attorney general, (3) by leaving summons at the Attorney General's office with someone designated in writing by the Attorney General to receive summons, or (4) by sending summons by certified mail addressed to the Attorney General's office. All other forms of service in actions against the State of Nebraska or any of its political subdivisions are ineffectual.

*Twiss v. Trautwein*, 247 Neb. 535, 537, 529 N.W.2d 24, 26 (1995). "[T]he plain meaning of the phrase 'may be served,' when viewed in the context of the service statutes, modifies the method of acceptable service, not the entity to be served." *Id.*

On May 3, 1994, the Commission filed a special appearance "objecting to the jurisdiction of this Court over its person, showing to the Court that there has been no proper service of process upon it." The transcript in this case contains no praecipe for summons upon the Attorney General. The summons itself indicates that service was to be made upon the Commission. The petition was mailed to the Commission by certified mail, but no summons was served upon the Attorney General in any manner, as required by § 25-510.02. The record discloses a copy of the petition was mailed to the Attorney General by letter from the Commission dated April 5, 1994. The service upon the Commission in this case was ineffectual. See *Twiss v. Trautwein, supra*. The Court of Appeals correctly affirmed the district court's order that the district court lacked subject matter jurisdiction over the Commission.

Personal jurisdiction as to the Regents and Wood is controlled by *Glass v. Nebraska Dept. of Motor Vehicles, supra*. The Regents and Wood filed a demurrer stating that Becker was not a party, and therefore not entitled to maintain this action, and that the petition did not state facts sufficient to constitute a cause of action. The filing of the demurrer by the Regents and Wood invoked the power of the court on an issue other than personal jurisdiction and, consequently, conferred on the court personal jurisdiction. Therefore, the district court had personal jurisdiction over the Regents and Wood. See *id*.

The remaining issue is whether the district court had subject matter jurisdiction. "Subject matter jurisdiction . . . is the

power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved." *Id.* at 504, 536 N.W.2d at 346. Section 84–917(1) provides in relevant part: "Any person aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review under the Administrative Procedure Act." Section 84–917(2)(a) states:

> Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency. *All parties of record shall be made parties to the proceedings for review. If an agency's only role in a contested case is to act as a neutral factfinding body, the agency shall not be a party of record. In all other cases, the agency shall be a party of record. Summons shall be served within thirty days of the filing of the petition in the manner provided for service of a summons in a civil action.* If the agency whose decision is appealed from is not a party of record, the petitioner shall serve a copy of the petition and a request for preparation of the official record upon the agency within thirty days of the filing of the petition. The court, in its discretion, may permit other interested persons to intervene.

(Emphasis supplied.) In discerning the meaning of a statute, we must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense, it being our duty to discover, if possible, the Legislature's intent from the language of the statute itself. *Curry v. State ex rel. Stenberg,* 242 Neb. 695, 496 N.W.2d 512 (1993). The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of an act are consistent, harmonious, and sensible. *Maack v. School Dist. of Lincoln,* 241 Neb. 847, 491 N.W.2d 341 (1992).

Neb. Rev. Stat. § 49–14,123 (Reissue 1993) provides in part: "In addition to any other duties prescribed by law, the

commission shall . . . (11) Act as the primary civil and criminal enforcement agency for violations of the Nebraska Political Accountability and Disclosure Act and the rules or regulations promulgated thereunder . . . ." It is apparent from § 49-14,123 that the Commission's role in this matter is more than acting as a neutral factfinding body described in § 84-917. Therefore, the Commission is required to be a party to the proceedings for review.

"Summons shall be served within thirty days of the filing of the petition in the manner provided for service of a summons in a civil action." § 84-917(2)(a). When § 25-510.02 applies, in order to institute judicial review under the Administrative Procedure Act, service must be had on the Attorney General. The Commission, as a state agency, must be served in compliance with § 25-510.02. See, *Glass v. Nebraska Dept. of Motor Vehicles*, 248 Neb. 501, 536 N.W.2d 344 (1995); *Twiss v. Trautwein*, 247 Neb. 535, 529 N.W.2d 24 (1995). Becker did not serve the summons on the Commission as required by § 25-510.02. Having failed to properly make the Commission a party of record, Becker did not comply with the requirements of § 84-917(2)(a) by making the Commission a party. The district court did not acquire subject matter jurisdiction under the Administrative Procedure Act.

We do not reach the issues of whether the demurrer should have been sustained by the district court or whether Becker was a person aggrieved by the decision of the Commission. Where the court from which the appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction. *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995).

## CONCLUSION

We affirm the decision of the Court of Appeals granting summary affirmance for lack of jurisdiction.

AFFIRMED.

WHITE, C.J., participating on briefs.