NEBRASKA METHODIST HEALTH SYSTEM, INC., APPELLANT, V.
DEPARTMENT OF HEALTH OF THE STATE OF NEBRASKA, ET AL.,
APPELLEES.

543 N.W.2d 466

Filed February 23, 1996.   No. S-94-356.

John R. Holdenried and Steven D. Davidson, of Baird,
Holm, McEachen, Pedersen, Hamann & Strasheim, for
appellant.

Don Stenberg, Attorney General, and Roger S. Brink,

Special Assistant Attorney General; Charles M. Pallesen, of Cline, Williams, Wright, Johnson & Oldfather; and Charles V. Sederstrom, Jr., of Erickson & Sederstrom, P.C., for appellees.

WHITE, C.J., FAHRNBRUCH, LANPHIER, and CONNOLLY, JJ., and TROIA and GLESS, D. JJ.

LANPHIER, J.

This is an appeal from the district court for Lancaster County in an action pursuant to the Administrative Procedure Act to review an order of the director of the Department of Health. As stated in the following analysis, in order to vest the district court with personal jurisdiction over a state agency in a case arising under the Administrative Procedure Act, the petitioner must serve summons upon the Attorney General. However, lack of personal jurisdiction over a state agency due to failure to serve such summons may be waived if the agency or department, as represented by the Attorney General, makes a general appearance. In this case, the Attorney General was not served. The Attorney General did file special appearances on behalf of the respondent Department and its director, alleging lack of jurisdiction. Before the special appearances were filed, however, the Department of Health (Department) filed in the district court the official record of its administrative proceedings, as required by Neb. Rev. Stat. § 84-917(4) (Reissue 1994). Appellant, Nebraska Methodist Health System, Inc., argues that the Department's filing of the administrative record was a voluntary, general appearance on behalf of the Department, waiving the lack of personal jurisdiction and thus binding the State. Appellant also urges that the court should have allowed an extension of time for service of summons, as no prejudice resulted. We hold that only the State's designated agent for service of summons, the Attorney General, has authority to waive personal jurisdiction in an action arising under the Administrative Procedure Act.

## BACKGROUND

The substantive issue in this case involved a certificate of need review for a medical facility. Appellant requested a determination from the Department that a proposed medical

office and retail complex was not subject to a certificate of need review. Community Health Vision, Inc. (CHV), intervened in the proceedings. On September 24, 1993, the director of the Department issued an order concluding that the proposed project was subject to a certificate of need review under Neb. Rev. Stat. § 71–5830(7)(c) and (8) (Cum. Supp. 1994).

Appellant filed its petition for review of the director's order on October 11, 1993, in the district court for Lancaster County and named as respondents the Department, its director, and CHV. A praecipe for issuance of summons was filed with the petition, requesting service upon the named respondents. The record contains appropriate proofs of service upon all three respondents. Appellant admits that it failed to request or serve a copy of the summons on the Attorney General, as required by § 84–917(2)(a) and Neb. Rev. Stat. § 25–510.02 (Reissue 1989).

Section 84–917(4) requires an agency to prepare and file a certified record of the administrative proceedings before the agency within 30 days of service of the petition. On November 9, 1993, the division director of the Department's section of hospital and medical facilities filed the record in the district court.

On November 16, 1993, each respondent filed a special appearance, claiming a defect in service upon the Department and the director. Appellant argued that by filing the administrative record, the Department had entered a general appearance. In an order dated February 1, 1994, the district court sustained the special appearances of the Department and the director. The court found that CHV, which is not a state agency, had been properly served and overruled its special appearance.

Appellant filed a motion for leave to serve summons out of time, asking the court to permit late service upon the Department and the director through the Attorney General. In support of its motion, appellant relied upon Neb. Rev. Stat. § 25–853 (Reissue 1989), which requires that a court disregard defects in all stages of the proceedings which do not affect substantial rights of adverse parties, given the absence of any prejudice or harm due to the error in service.

CHV filed a motion to dismiss the case, alleging that the case

could not proceed without the presence of necessary parties, the Department and the director.

In an order dated March 15, 1994, the district court overruled appellant's motion, finding that the court was without authority to expand the 30–day time period. The court granted CHV's motion and dismissed the case. Appellant timely filed an appeal to the Court of Appeals. We removed the appeal to our docket.

## ASSIGNMENTS OF ERROR

Appellant asserts that the district court erred in holding that the filing of the certified administrative record by the Department was insufficient to satisfy the Administrative Procedure Act's requirement of service in the manner provided in a civil action. Secondly, appellant asserts that the district court erred in refusing to allow it to serve summons on the Attorney General out of time under § 25–853 when the alleged error did not affect the substantial rights of any party.

## STANDARD OF REVIEW

When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law, which requires an appellate court to reach a conclusion independent from the trial court's conclusion on the jurisdictional issue. *Becker v. Nebraska Acct. & Disclosure Comm., ante* p. 28, 541 N.W.2d 36 (1995).

## ANALYSIS

Generally speaking, a suit against a state agency is a suit against the State itself. *McPherrin v. Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995); *State v. Schrein*, 247 Neb. 256, 526 N.W.2d 420 (1995); *Anstine v. State*, 137 Neb. 148, 288 N.W. 525 (1939), *overruled on other grounds, Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985).

In order to vest a district court with personal jurisdiction over a state agency in a case arising under the Administrative Procedure Act, the petitioner must serve summons upon the Attorney General. See, *Becker v. Nebraska Acct. & Disclosure Comm., supra; Glass v. Nebraska Dept. of Motor Vehicles*, 248 Neb. 501, 536 N.W.2d 344 (1995); *Twiss v. Trautwein*, 247

Neb. 535, 529 N.W.2d 24 (1995); *Beatrice Manor v. Department of Health, supra.* In each of these four cited cases, the petitioner served summons on the state agency but failed to serve summons on the Attorney General. Accordingly, we held that due to the failure to serve the Attorney General, the district court lacked personal jurisdiction over the state agency.

In *Anstine v. State, supra,* we held that the Attorney General could not bind the State by making a voluntary, general appearance if the Attorney General had not been properly served. One who invokes the power of the court on an issue other than the court's jurisdiction over one's person makes a general appearance so as to confer on the court personal jurisdiction over that person. *Becker v. Nebraska Acct. & Disclosure Comm., supra*; *Glass v. Nebraska Dept. of Motor Vehicles, supra.*

The holding of *Anstine v. State* has been specifically overruled.

> [I]n those instances where the Legislature has waived the State's sovereign immunity as to a particular cause of action and has designated a person or official as the agent of the State upon whom summons may be served, *that person or official* validly may enter a voluntary appearance for the State, thereby waiving the issue of *in personam* jurisdiction.

(First emphasis supplied.) *Pointer v. State,* 219 Neb. 315, 318, 363 N.W.2d 164, 166 (1985).

In *Glass v. Nebraska Dept. of Motor Vehicles,* we held that lack of personal jurisdiction over a state agency due to a petitioner's failure to serve summons on the Attorney General may be waived if the department, as represented by the Attorney General, makes a voluntary appearance.

Pursuant to *Glass v. Nebraska Dept. of Motor Vehicles* and *Pointer v. State,* the Attorney General, as the State's designated agent, may enter a voluntary appearance and waive the issue of personal jurisdiction. Apparently, the question of whether someone other than the Attorney General is authorized to enter a voluntary appearance for the State is raised for the first time in this appeal. See *Armstrong v. Higgins,* 241 Neb. 833, 491 N.W.2d 331 (1992) (recognizing but not deciding issue).

Section 25-510.02 provides the acceptable methods of service of summons upon the Attorney General. In *Twiss v. Trautwein, supra,* we held that although § 25-510.02 provides a petitioner some discretion as to the mode of service, it grants no discretion as to the entity to be served. We said that under the Administrative Procedure Act, the entity to be served is the Attorney General. A voluntary appearance of a party is equivalent to service and, in effect, is another mode of service. Neb. Rev. Stat. § 25-516.01 (Reissue 1989). To permit another entity to make a voluntary appearance would undermine the legislative provisions requiring service on the Attorney General.

We hold that only the State's designated agent, the Attorney General, has authority to enter a voluntary appearance and waive the issue of personal jurisdiction in actions brought under the Administrative Procedure Act.

We need not reach the issue of whether the act of filing the administrative record in the district court could comprise a voluntary appearance or a submission of the cause on the merits. The Department lacked any authority to enter a voluntary appearance on behalf of the Attorney General. Therefore, the Department's act of filing the administrative record can have no jurisdictional effect.

We also reject appellant's second assignment of error, which asserts that the district court erred in denying its motion for leave to serve summons out of time. Appellant urges that a court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. See § 25-853. The right to notice is a substantial right affecting personal jurisdiction, and the district court properly denied appellant's motion for leave to serve summons out of time.

## CONCLUSION

The orders of the district court dismissing this action for want of personal jurisdiction and denying appellant leave to serve summons out of time are hereby affirmed.

AFFIRMED.

CAPORALE, WRIGHT, and GERRARD, JJ., not participating.