CONCORDIA TEACHERS COLLEGE, APPELLANT, V.
NEBRASKA DEPARTMENT OF LABOR ET AL., APPELLEES.
563 N.W.2d 345

Filed May 16, 1997.    No. S-95-467.

Kermit A. Brashear and Kermit A. Brashear III, of Brashear & Ginn, for appellant.

John F. Sheaff and John H. Albin for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and ENSZ, D.J., and BLUE, D.J., Retired.

ENSZ, D.J.

Plaintiff-appellant, Concordia Teachers College (Concordia), sought a determination from the Nebraska Department of Labor (Labor) concerning Concordia's liability for unemployment insurance tax contributions under Neb. Rev. Stat. § 48-604(6)(g)(1)(ii) (Reissue 1988) (now renumbered as § 48-604(6)(g)(i)(B) (Cum. Supp. 1996); see 1994 Neb. Laws, L.B. 1337). Following an administrative hearing, Labor determined Concordia did not qualify for tax-exempt status. Concordia sought review of Labor's ruling by the district court for Lancaster County. Acting on a stipulated motion, the court remanded the matter for a rehearing by Labor. At the second administrative hearing, Labor again determined Concordia did not qualify for tax-exempt status. Concordia sought review of Labor's second ruling by filing an "Amended Petition" in the previous district court proceedings at the same docket and page number. The district court dismissed Concordia's action for lack of jurisdiction. We likewise dismiss the appeal.

## ASSIGNMENTS OF ERROR

Concordia contends the district court erred in dismissing for lack of jurisdiction its request for judicial review of the January 24, 1996, ruling of the Commissioner of Labor (Commissioner).

## STANDARD OF REVIEW

When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the lower courts. *In re Interest of Joshua M. et al.*, 251 Neb. 614, 558 N.W.2d 548 (1997); *Tess v. Lawyers Title Ins. Corp.*, 251 Neb. 501, 557 N.W.2d 696 (1997).

## FACTS

The facts in this matter are not in dispute. Concordia is a corporation operating a college in Seward, Nebraska. On June 8, 1990, Concordia notified Labor it intended to initiate proceedings to eliminate its liability for unemployment insurance tax contributions, under Nebraska's Employment Security Law, Neb. Rev. Stat. §§ 48-601 through 48-671 (Reissue 1988), on employees Concordia contended were exempt under § 48-604(6)(g)(1)(ii). On May 30, 1991, Labor's unemployment insurance tax administrator ruled Concordia's employees were not exempt from coverage and, therefore, Concordia would not be accorded tax-exempt status.

On June 19, 1991, Concordia requested a review of the tax administrator's decision by the Commissioner. On August 8, Labor held a telephonic hearing. Following the hearing, on December 9, the hearing officer recommended that the Commissioner affirm the ruling of the tax administrator. On December 23, the Commissioner adopted the hearing officer's recommendation and affirmed the tax administrator's ruling.

On January 22, 1992, Concordia filed a petition for review in the district court for Lancaster County. On December 30, pursuant to Neb. Rev. Stat. § 84-917(5)(b) and (6)(b) (Reissue 1994), Concordia and the defendants (Labor, Commissioner, and the State) submitted to the district court an amended stipulation to remand, requesting the matter be remanded to Labor for further proceedings. On January 4, 1993, the court ordered the case remanded, stating that in accordance with § 84-917(5)(b) and (6)(b), "the interests of justice would be served by the consideration and resolution of issues not previously raised before the agency such that a remand of the matter to the agency for further proceedings is warranted."

On April 27, 1993, Labor held a new hearing concerning Concordia's liability for unemployment insurance tax contributions. In addition to new evidence, the hearing officer received the record of the August 8, 1991, hearing into evidence.

On November 1, 1993, on the basis of the new record, the hearing officer recommended that Concordia's request for tax-exempt status be denied and that the May 30, 1991, ruling of the tax administrator be affirmed. On January 26, 1994, the

Commissioner followed the hearing officer's recommendation and affirmed the tax administrator's May 30 ruling.

On February 24, 1994, Concordia sought review of the Commissioner's January 26 ruling by filing an "Amended Petition" at the same docket and page number with the district court involved in the proceedings commenced on January 22, 1992. Concordia did not file the "Amended Petition" as a separate appeal and did not pay a docket fee nor issue summons at the time it filed the "Amended Petition." Furthermore, Concordia did not seek review of the Commissioner's January 26 ruling in a separate proceeding.

On May 20, 1994, 85 days after filing its "Amended Petition," Concordia filed a praecipe for service of summons seeking service of summons and a copy of the "Amended Petition" upon the Attorney General of the State of Nebraska.

On March 23, 1995, the district court dismissed Concordia's "Amended Petition" for lack of jurisdiction. After finding that § 84-917 of the Administrative Procedure Act provides procedures for judicial review of adverse administrative agency rulings, the court concluded Concordia failed to satisfy those requirements because "Concordia failed to properly perfect its appeal to the district court after the [April 27, 1993,] administrative hearing . . . ."

On April 21, 1995, Concordia appealed to the Nebraska Court of Appeals. We removed the case to this court's docket pursuant to the authority granted to us by Neb. Rev. Stat. § 24-1106(3) (Reissue 1995) to regulate the dockets of the Court of Appeals and this court.

## ANALYSIS

We first consider whether the district court had personal jurisdiction over the Commissioner and Labor. Personal jurisdiction is the power of a tribunal to subject and bind a particular entity to its decisions. *Glass v. Nebraska Dept. of Motor Vehicles*, 248 Neb. 501, 536 N.W.2d 344 (1995). While the lack of subject matter jurisdiction cannot be waived nor the existence of subject matter jurisdiction conferred by the consent or conduct of the parties, lack of personal jurisdiction may be waived and such jurisdiction conferred by the conduct of the

parties. *Id.* One who invokes the power of the court on an issue other than the court's jurisdiction over one's person makes a general appearance so as to confer on the court personal jurisdiction over that person. *Id.*

On June 24, 1994, the Commissioner and Labor filed an amended answer stating, as affirmative defenses, that Concordia's "Amended Petition" was improperly filed and not perfected. The filing of the amended answer by the Commissioner and Labor invoked the power of the district court on an issue other than personal jurisdiction and, consequently, conferred on the court personal jurisdiction. Therefore, the district court had personal jurisdiction over the Commissioner and Labor. See *Glass, supra.*

We next consider whether the district court had subject matter jurisdiction. Subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. See *Becker v. Nebraska Acct. & Disclosure Comm.*, 249 Neb. 28, 541 N.W.2d 36 (1995).

Under § 48-650, an appeal from the ruling of the Commissioner shall be made in accordance with the Administrative Procedure Act (APA), Neb. Rev. Stat. §§ 84-901 through 84-920 (Reissue 1994).

Section 84-917(1) states, in relevant part: "Any person aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review under the Administrative Procedure Act."

Section 84-917(2)(a) states, in relevant part:

> Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency. . . . Summons shall be served within thirty days of the filing of the petition in the manner provided for service of a summons in a civil action.

Neb. Rev. Stat. § 25-510.02 (Reissue 1995) states that the "State of Nebraska [and] any state agency . . . may be served by leaving the summons at the office of the Attorney General" in a specified variety of manners. See, also, *Becker, supra.*

Furthermore, although § 25-510.02 provides a petitioner some discretion as to the mode of service, it grants no discretion as to the entity to be served. *Nebraska Methodist Health Sys. v. Dept. of Health*, 249 Neb. 405, 543 N.W.2d 466 (1996). Therefore, when § 25-510.02 applies, as it does in the present case, a summons must be served on the Attorney General in order to institute judicial review under the APA. See *Twiss v. Trautwein*, 247 Neb. 535, 529 N.W.2d 24 (1995). See, also, *James v. Harvey*, 246 Neb. 329, 518 N.W.2d 150 (1994).

The record makes clear that Concordia filed its "Amended Petition" within 30 days of the date the Commissioner's ruling was served upon it; however, Concordia did not obtain service of process until May 20, 1994, more than 30 days after the petition for review was filed with the district court. Moreover, the record discloses that Concordia also failed to fulfill the service requirement of § 84-917(2)(a) in that it mailed a copy of its "Amended Petition" to the Commissioner instead of the Attorney General. Therefore, the service upon the Commissioner in this case was ineffectual. See *Twiss, supra*.

In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Boss v. Fillmore Cty. Sch. Dist. No. 19*, 251 Neb. 669, 559 N.W.2d 448 (1997); *Van Ackeren v. Nebraska Bd. of Parole*, 251 Neb. 477, 558 N.W.2d 48 (1997). After considering the language of § 84-917(2)(a) in its plain, ordinary, and popular sense, it is apparent that the Legislature intended that a summons be served within 30 days of the filing of the petition for review as a prerequisite to the exercise by the district court of its jurisdiction over the subject matter on an appeal from an adverse decision of an administrative agency. As Concordia failed to invoke the subject matter jurisdiction of the district court in that it failed to serve the proper summons within 30 days of filing its "Amended Petition," the district court did not acquire authority to review the Commissioner's ruling under the APA.

The remaining issue is Concordia's contention that under § 84-917(5)(b) of the APA, the district court had authority to retain jurisdiction over Concordia's action seeking judicial

review of Labor's adverse ruling after the court had remanded the action to the agency for rehearing. Section 84-917(5)(b) states: "If the [district] court determines that the interest of justice would be served by the resolution of any other issue not raised before the agency, the court may remand the case to the agency for further proceedings."

After considering the plain, ordinary, and popular meaning of the language in § 84-917(5)(b), we find nothing which explicitly empowers a district court to retain jurisdiction over an action remanded by the court to an administrative agency for a new hearing. Accordingly, we hold, as a matter of law, that the district court for Lancaster County did not retain jurisdiction over the question of Concordia's claimed tax exemption following the court's order to remand the matter for a second administrative hearing.

## CONCLUSION

We therefore dismiss Concordia's appeal for lack of jurisdiction.

APPEAL DISMISSED.