LOUIS HUNT, APPELLEE, V.
LLOYD TRACKWELL, JR., APPELLANT.
635 N.W.2d 106

Filed October 19, 2001.   No. S-00-172.

Mary C. Wickenkamp for appellant.

James A. Cada and Edward F. Hoffman, of Cada & Associates, for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Under Neb. Rev. Stat. § 25-2706 (Reissue 1995), a county court shall certify a proceeding to the district court when the pleadings or discovery indicates the amount in controversy may exceed $15,000. Although the petition of the appellee, Louis Hunt, claimed damages in the amount of $27,000, the county court failed to certify the case to the district court and entered judgment within its jurisdictional limit of $15,000. The appellant, Lloyd Trackwell, Jr., appealed to the district court. The district court determined that the county court erred in failing to certify the proceedings to the district court and reversed, and remanded for certification. After remand and certification by the

county court to the district court, a jury returned a verdict of $27,368. Trackwell appeals.

In deciding this appeal, we address the following issues:

(1) Whether Trackwell subjected himself to the personal jurisdiction of the county court by invoking the power of the court.

(2) Whether the county court had subject-matter jurisdiction to act in this case even though Hunt's petition indicated an amount in controversy over $15,000.

(3) Whether the district court had personal jurisdiction over Trackwell even though no service of summons was issued by that court.

We determine that Trackwell subjected himself to the personal jurisdiction of the county court, that the county court had jurisdiction to certify the proceedings to district court, and that the district court was not required to reissue service of summons after certification. We affirm.

## BACKGROUND

Hunt initially filed this replevin action in county court on June 8, 1998, to recover tools that Hunt alleged Trackwell had converted to Trackwell's own use. The petition claimed that the value of the property sought was $27,368. The summons, issued by the county court on June 9, required service to be completed by June 22. The summons was not served until June 25.

At the hearing the next day, Trackwell, without counsel, claimed that Hunt's counsel had a conflict of interest in the case and should be disqualified. The court instructed Trackwell to file a proper motion and continued the temporary replevin order until a permanent hearing was held. The court noted that there was a jurisdictional question, but Trackwell responded only that he did not believe the value of the tools to be $27,000.

Before the permanent hearing in county court, Trackwell filed the following motions: (1) a motion for a continuance, (2) a motion for an order recusing the judge from presiding in the case because of past contact he allegedly had with her, and (3) a motion for an order requiring Hunt's counsel to withdraw. In addition, Trackwell filed an answer generally denying the allegations in Hunt's petition.

A hearing was held on Trackwell's various motions. After Hunt appeared with new counsel, the court sustained Trackwell's motion to disqualify counsel. Although the judge could not remember any past contact with Trackwell, she recused herself from the case. Accordingly, Trackwell's motion for a continuance was not disposed of at that time. Trackwell then filed another motion for continuance, which was denied after a new judge was assigned to the case. After filing an answer, Trackwell continued to proceed pro se. The county court found that Hunt had been damaged in the amount of $25,000 but entered a judgment against Trackwell for only $15,000, the limit of the court's jurisdiction. See Neb. Rev. Stat. § 24-517 (Supp. 1997).

Trackwell appealed to the district court, assigning, among other errors, that the county court lacked jurisdiction. Because the pleadings indicated that the amount in controversy exceeded $15,000, the district court held that the county court erred by failing to certify the proceedings to district court under § 25-2706. The district court reversed, and remanded the case to county court with instructions to certify the proceedings to district court. The county court filed the certificate of transcript with the district court on March 19, 1999.

After the transcript was filed, Trackwell filed a special appearance in district court, challenging the court's jurisdiction because a service of summons had not been effected. The court overruled the special appearance under § 25-2706. The case was tried to a jury, which returned a verdict in favor of Hunt in the amount of $27,368. Trackwell filed a motion for a new trial, which was overruled. Trackwell timely appeals.

## ASSIGNMENTS OF ERROR

Trackwell assigns that the district court erred in finding that (1) it had personal jurisdiction over him because no service of process was effected in the district court after the case was certified to the district court and (2) it had personal jurisdiction over him because (a) the county court lacked subject-matter jurisdiction and (b) service of process was defective in that court.

## STANDARD OF REVIEW

■ A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Chief Indus. v. Great Northern Ins. Co.*, 259 Neb. 771, 612 N.W.2d 225 (2000).

■ Statutory interpretation presents a question of law. *Hatcher v. Bellevue Vol. Fire Dept., ante* p. 23, 628 N.W.2d 685 (2001). When an appeal presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Dossett v. First State Bank*, 261 Neb. 959, 627 N.W.2d 131 (2001).

## ANALYSIS

Trackwell argues two jurisdictional points. First, he argues that all actions taken by the county court were void ab initio due to its lack of subject-matter jurisdiction, and therefore, the county court could not have acquired personal jurisdiction. He also contends that the county court could not have obtained personal jurisdiction because service of process was defective in that court. Second, he argues that because the county court did not have personal jurisdiction, it could not have conferred personal jurisdiction upon the district court. He argues that the district court was therefore required to issue a summons for service of process upon him after the certification before it could acquire personal jurisdiction.

### PERSONAL JURISDICTION IN COUNTY COURT

■ Trackwell first contends that because the county court did not have subject-matter jurisdiction over the amount in controversy, it could not have acquired personal jurisdiction over him. But the two are not synonymous. See *Concordia Teachers College v. Neb. Dept. of Labor*, 252 Neb. 504, 563 N.W.2d 345 (1997) (concluding that district court had personal jurisdiction but not subject-matter jurisdiction). Personal jurisdiction is the power of a tribunal to subject and bind a particular entity to its decisions. *Id.* While the lack of subject-matter jurisdiction cannot be waived nor the existence of subject-matter jurisdiction conferred by the consent or conduct of the parties, lack of personal jurisdiction

may be waived and such jurisdiction conferred by the conduct of the parties. *Id.*

There is no merit to Trackwell's contention that the county court could not have acquired personal jurisdiction over him if it lacked jurisdiction over the subject matter. But Trackwell also contends that the county court failed to obtain personal jurisdiction because service of process was defective in that court.

For purposes of personal jurisdiction, the voluntary appearance of a party is equivalent to service of process. *Vopalka v. Abraham,* 260 Neb. 737, 619 N.W.2d 594 (2000). One who invokes the power of the court on an issue other than the court's jurisdiction over one's person makes a general appearance so as to confer on the court personal jurisdiction over that person. *Nebraska Methodist Health Sys. v. Dept. of Health,* 249 Neb. 405, 543 N.W.2d 466 (1996).

While Trackwell was proceeding pro se, he filed a motion for an order to recuse the county court judge and to require that Hunt's attorney withdraw over a conflict of interest. Moreover, he filed two motions for a continuance in the county court, and we have specifically held that a motion for a continuance constitutes a general appearance that confers jurisdiction over the moving party. See *In re Interest of Rondell B.,* 249 Neb. 928, 546 N.W.2d 801 (1996). Most importantly, he filed an answer generally denying the allegations, invoking the court's power and making a general appearance. See *Concordia Teachers College v. Neb. Dept. of Labor, supra* (concluding that defendants' amended answer invoking court's power on issue other than personal jurisdiction conferred on court personal jurisdiction). Trackwell's answer and various requests for relief invoking the court's power subjected him to the personal jurisdiction of the county court.

### SUBJECT-MATTER JURISDICTION IN COUNTY COURT

Trackwell also contends that all actions taken by the county court were void ab initio due to its lack of subject-matter jurisdiction because Hunt's petition indicated that the amount in controversy exceeded $15,000.

Subject-matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the

general subject matter involved. *Falotico v. Grant Cty. Bd. of Equal., ante* p. 292, 631 N.W.2d 492 (2001). A ruling made in the absence of subject-matter jurisdiction is a nullity. *In re Estate of Andersen*, 253 Neb. 748, 572 N.W.2d 93 (1998).

Although the statute has since been amended, at the time that this action was filed, § 24-517(4) gave county courts concurrent jurisdiction with district courts in all civil actions when "the amount in controversy does not exceed fifteen thousand dollars. When the pleadings or discovery proceedings in a civil action indicate an amount in controversy may exceed fifteen thousand dollars, the county court shall certify the proceedings to the district court as provided in section 25-2706."

Under this section, the county court lacked subject-matter jurisdiction to determine Trackwell's case because the petition indicated an amount in controversy of $27,368, and § 24-517(4) required the county court to certify the proceedings to district court. This conclusion is supported by the Legislature's 2001 amendments to § 24-517. See 2001 Neb. Laws, L.B. 269.

■ Section 24-517(5)(a) now requires the county court, "*upon the request of any party*," to certify civil proceedings to district court when the pleadings or discovery indicates an amount in controversy over $45,000. (Emphasis supplied.) 2001 Neb. Laws, L.B. 269. The certification of a civil proceeding, in which the amount in controversy exceeds the statutory limit, is now mandatory only upon the request of a party. By implication, at the time of this action, the certification was mandatory even without a party's request. But § 24-517(4) authorized the county court to certify the proceedings to district court when the amount in controversy exceeded its jurisdictional limit. Further, a county court may be required to certify the proceedings even after the parties have had discovery in a case. Consequently, while the county court was without authority to determine the case, it was not without authority to act. Therefore, on appeal, the district court correctly reversed the judgment and remanded the case with instructions to certify the case to district court.

Trackwell, however, argues that the action did not effectively begin until it was filed in the district court because only that court had jurisdiction to hear and determine the case. He

contends, therefore, that the district court was required to issue a new summons for service of process before the court could acquire personal jurisdiction over him. We analyze that argument in the context of § 25-2706.

### PERSONAL JURISDICTION IN DISTRICT COURT

█ In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *Brunken v. Board of Trustees*, 261 Neb. 626, 624 N.W.2d 629 (2001).

At the time this action was filed, the applicable version of § 25-2706 provided:

> The county court shall certify proceedings to the district court of the county in which an action is pending . . . when . . . there is an amount in controversy in excess of fifteen thousand dollars . . . . *The action shall then be tried and determined by the district court as if the proceedings were originally brought in such district court* . . . .

(Emphasis supplied.)

█ By its plain terms, § 25-2706 required no additional action by the parties or the district court to confer personal jurisdiction on the district court once the county court had certified the proceedings. We conclude that service of process or a defendant's voluntary appearance in a county court is effective in district court after the county court has certified the proceedings under this section. While service of process might be required in district court if the county court had never obtained personal jurisdiction, that is not the case here.

### CONCLUSION

The district court did not err in overruling Trackwell's special appearance and in finding that it had personal jurisdiction over him because § 25-2706 does not require a district court to issue a new summons for service of process when an action has been certified to it from the county court under this section.

AFFIRMED.

HENDRY, C.J., not participating.